*Edward R. Lebb (Ing, Lebb and Yano* of counsel) for defendant-appellant, for the petition.

STATE OF HAWAII, Plaintiff-Appellee, *v.* EDWARD Y. IREBARIA, Defendant-Appellant

NO. 6173

JANUARY 8, 1979

RICHARDSON, C.J., OGATA, MENOR AND KIDWELL, JJ.

---

*Per Curiam.* This case is now before us on appeal from denial of a motion for reduction of sentence, after a protracted and somewhat confused history. Appellant was convicted of robbery in the first degree in violation of HRS §§ 765-1, 8 and 11, and of unlawful possession of a firearm by a person convicted of a felony in violation of HRS §§ 134-7(b) and (d), as amended by Act 19, Sess. L. 1968. On June 5, 1972, appellant was sentenced to terms of imprisonment of 30 years on the robbery conviction and 10 years on the firearms possession conviction, such sentences to run concurrently but consecutive to a sentence then being served. An appeal was taken and the judgment was affirmed on April 15, 1974. By a timely motion under Rule 35, H.R.Cr.P., on June 12, 1974, appellant sought a reduction of the sentences under HRS § 701-101(2) (b) (ii),[1] relying in large part on appellant's good behavior in

---

[1] HRS § 701-101 provides in full as follows:

§701-101 Applicability to offenses committed before the effective date. (1) Except as provided in subsections (2) and (3), this Code does not apply to offenses committed before its effective date. Prosecutions for offenses committed before the effective date are governed by the prior law, which is continued in effect for that purpose, as if this Code were not in force. For purposes of this section, an offense is committed before the effective date if any of the elements of the offense occurred before that date.

(2) In any case pending on or commenced after the effective date of this Code, involving an offense committed before that date:

(a) Upon the request of the defendant a defense or mitigation under this Code, whether specifically provided for herein or based upon the failure of the Code to define an applicable offense, shall apply; and

(b) Upon the request of the defendant and the approval of the court:

(i) Procedural provisions of this Code shall apply insofar as they are justly applicable; and

(ii) The court may impose a sentence or suspend imposition of a sentence under the provisions of this Code applicable to the offense and the offender.

(3) Provisions of this Code governing the release or discharge of prisoners, probationers, and parolees shall apply to persons under sentence for offenses committed before the effective date of this Code, except that the minimum or maximum period of their detention or supervision shall in no case be increased, nor shall the provisions of this Code affect the substantive or procedural validity of any judgment of conviction entered before the effective date of this Code, regardless of the fact that appeal time has not run or that an appeal is pending.

The Hawaii Penal Code, of which § 701-101 is a part, became effective on January 1, 1973.

prison pending the appeal. The motion for reduction of sentence was denied on June 14, 1974 and an appeal was noticed. Application for leave to appeal in forma pauperis having been denied, an appeal was taken from such denial. That appeal was successful, the order denying leave to appeal in forma pauperis was reversed on June 24, 1975 and the appeal from the denial of reduction of the sentence was docketed July 10, 1975. On January 26, 1976, the State and appellant entered into a stipulation agreeing "that the matter of changed circumstances is relevant and material for the court's consideration in a motion for reduction of sentence," and this court remanded the case to the circuit court for further proceedings.

Meanwhile, Act 188, Sess. L. 1975, had become effective on June 2, 1975, providing for mandatory review of sentences not imposed under the HPC.[2] On January 27, 1976, the circuit court entered, apparently ex parte, its order under Act 188 confirming appellant's sentence and denying the resetting of sentences authorized by the Act. By letter received by the court on February 18, 1976, appellant requested reconsideration of the order.

The motion for reduction of sentences came on for further hearing on February 13, 1976, at which time appellant presented evidence of his post-conviction behavior, and was again denied by order entered March 1, 1976. In oral remarks from the bench at the conclusion of the hearing, the trial judge made it clearly apparent that he regarded appellant's post-conviction behavior as irrelevant to the motion and that such evidence had not been taken into consideration in ruling on the motion. A motion for reconsideration was denied and the present appeal was taken.

Appellant's sentences were imposed in a case which was pending on the effective date of the HPC, within the meaning of § 701-101, since it was then on appeal. *In re Kirk*, 63 Cal. 2d 761, 48 Cal. Rptr. 186, 408 P.2d 962 (1965). However, the sentences were not imposed after the effective date of the

---

[2] Act 188, Sess. L. 1975 is set out in full and considered in *State v. Ortez*, 60 Haw. 107, 588 P.2d 898 (1978).

HPC, but on the date of entry of judgment on April 15, 1972. The sentences were, therefore, sentences which the trial court was obliged to review under the provisions of Act 188. At the time of the February 13, 1976 hearing of the motion for reduction of sentence, the trial court had before it appellant's request for reconsideration of the ex parte order denying resetting of the sentences under Act 188. The required review of sentences under Act 188 was referred to by counsel at the February 13, 1976 hearing. The motion for reduction of sentences, in this state of the record, called for exercise of the court's discretion under Act 188 and invoked the standards of review mandated by Act 188.

In *State v. Ortez*, 60 Haw. 107, 588 P.2d 898 (1978), we have held that Act 188 requires that the reviewing court give consideration to post-conviction behavior in determining whether a pre-HPC sentence shall be reset. The record discloses that the trial court erroneously denied consideration of evidence of appellant's post-conviction behavior offered at the February 13, 1976 hearing on the motion for reduction of sentence. No point was made of this error by appellant in this appeal. However, appellate review of the trial court's disposition of a Rule 35 motion for reduction of sentence requires us to scrutinize the judicial process by which the punishment was determined. *United States v. Hopkins*, 174 U.S. App. D.C. 244, 531 F.2d 576 (1976); Wright, Federal Practice and Procedure, Criminal § 588. We need not find such an abuse of discretion as would call for reversal of the trial court's determination in order to vacate its sentencing order and remand the matter for reconsideration. *United States v. Stumpf*, 476 F.2d 945 (4th Cir. 1973). Such action appears especially appropriate here, where the standards for exercise of the sentencing court's discretion Under Act 188 have been established by this court subsequent to the briefing and argument of this appeal. Such remand would not, of course, foreclose reinstatement of the order by the circuit court.

Appellant has presented various constitutional objections to the sentencing discretion purportedly conferred upon the trial court by HRS § 701-101(2)(b)(ii). These contentions

would require consideration if we were dealing with an exercise of that discretion. Appellant was not sentenced under § 701-101(2)(b)(ii), but under the criminal statutes which were replaced by the HPC. No authority was granted by § 701-101(2)(b)(ii) to alter a sentence imposed under pre-HPC law. Since the constitutional arguments advanced by appellant assert the invalidity only of such sentencing discretion as is conferred by § 701-101(2)(b)(ii), we do not have occasion to consider them in this case.

The order denying reduction of sentences is set aside and the case is remanded for further consideration of appellant's sentences pursuant to Act 188, Sess. L. 1975, in light of *State v. Ortez, supra*.[3]

*David W. Hall (Hart, Leavitt & Hall* of counsel) for defendant-appellant.

*Francis I. Yamashita,* Deputy Prosecuting Attorney, City and County of Honolulu, for plaintiff-appellee.

---

[3] Justice Kobayashi, who heard oral argument in this case, retired from the court on December 29, 1978. HRS § 602-11 (1978 Supp.) provides: "After oral argument of a case, if a vacancy arises or if for any other reason a justice is unable to continue on the case, the case may be decided or disposed of upon the concurrence of any three members of the court without filling the vacancy or the place of such justice."