STATE OF HAWAII, Plaintiff-Appellee, *v.* EDWARD D. VON GELDERN, Defendant-Appellant, and KIMMY RUTH SHULMAN, also known as Kim Shulman, Kathy Sage and Kim, and SUSAN VON GELDERN, also known as Susan, Defendants

NO. 7521

CRIMINAL NO. 52462

DECEMBER 29, 1981

RICHARDSON, C.J., OGATA, MENOR, LUM AND NAKAMURA, JJ.

OPINION BY THE COURT BY MENOR, J.

This is an appeal by the defendant from a five-year mandatory minimum sentence of imprisonment imposed by the circuit court pursuant to HRS § 706-606.5, which then provided in pertinent part that "any person convicted under section . . . 712-1242 relating to the promoting of a dangerous drug in the second degree, . . . who has a prior conviction for . . . [promoting a dangerous drug in the second degree] . . . in this or another jurisdiction, shall be sentenced for each conviction after the first conviction to a mandatory minimum period of imprisonment without possibility of parole during such period as follows: (1) Second conviction . . . 5 years; (2) Third conviction . . . 10 years."

On April 20, 1978, the defendant was convicted of promoting a dangerous drug in the second and third degrees. On April 17, 1979, he was again convicted of promoting a dangerous drug in the second degree. On August 8, 1979, the trial judge sentenced and placed the defendant on probation for this second offense on the condition that he enter the drug rehabilitation program at Habilitat. Two weeks later, however, pursuant to a motion made by the State, the trial judge resentenced the defendant to the mandatory minimum term of five years. The court, although recognizing that it had no discretion under the statute to act otherwise, was nevertheless moved to comment:

> So the court would regretfully set aside the sentence it had indicated earlier and is compelled under 706-606.5 to sentence Mr. Von Geldern to five years committed to the Director of the

Department of Social Services and Housing without possibility of parole.

On August 31, 1979, the defendant filed his notice of appeal. While his appeal was pending, the legislature at its 1980 session, enacted Act 284 which became effective on June 16, 1980. The Act added a subsection to the mandatory minimum sentence statute [HRS § 706-606.5] to provide the sentencing court with the discretionary authority to impose a lesser mandatory minimum sentence where the court found strong mitigating circumstances to warrant such action.[1] On January 13, 1981, counsel for the defendant requested this court to consider the applicability of Act 284 to his client. In response, this court requested and received supplementary briefs from the parties in this appeal.

While we find the original specifications of error advanced by the defendant in his appeal to be without merit,[2] we also find that the question of applicability of the ameliorative provisions of Act 284 to the defendant does deserve consideration.

We note, by way of introduction, that no new punitive measure may be applied to a crime already consummated, where its application would work to the detriment or material disadvantage of the wrongdoer. Such legislation would be ex post facto law as to the offender. *Lindsey v. Washington*, 301 U.S. 397 (1937). *See also State v. Bunn*, 50 Haw. 351, 440 P.2d 528 (1968). Thus, in *Lindsey*, where the amendatory statute sought to be applied had withdrawn from the

---

[1] The pertinent provisions of Act 284, S.L.H. 1980, state:

\* \* \* \* \*

(3) The sentencing court may impose the above sentences consecutive to any other sentence then or previously imposed on the defendant or may impose a lesser mandatory minimum sentence without possibility of parole than that mandated by this section where the court finds that strong mitigating circumstances warrant such action. Strong mitigating circumstances shall include, but will not be limited to, the provisions of [HRS] section 706-621. The court shall provide a written opinion or its reasons for imposing the lesser sentence.

[2] State v. Freitas, 61 Haw. 262, 602 P.2d 914 (1979), and State v. Caldeira, 61 Haw. 285, 602 P.2d 930 (1979), are dispositive of the defendant's claim that *as applied to him,* HRS § 706-605.5 is unconstitutional. In State v. Iaukea, 56 Haw. 343, 537 P.2d 724 (1975) this court did observe that in a few extreme cases, sentences have been found to be unconstitutionally cruel and unusual, even though the applicable statute was not unconstitutional on its face. The present case does not fall into this category.

sentencing court the discretionary power to impose less than the maximum penalty which it possessed prior to the amendment, the Court held that the amendatory legislation was ex post facto law which could not be applied to a defendant convicted of a crime committed prior to its enactment. Under the law as it existed at the time the crime was committed, imprisonment of the accused could have been fixed by the court at less than the maximum of 15 years. By the law as amended and sought to be applied, imposition of imprisonment for not less than 15 years was made mandatory on the sentencing judge.

Act 284, however, is ameliorative in its intent and effect and its application in this case would neither be detrimental nor materially disadvantageous to the defendant. It authorizes the trial court to impose less than the mandatory minimum sentence of imprisonment where strong mitigating circumstances are shown to exist. It is not, therefore, ex post facto law. That being the case, the only possible obstacle to its application in this case would be HRS § 1-3 which provides that "[n]o law has any retrospective operation, unless otherwise expressed or obviously intended." *See also Oleson v. Borthwick,* 33 Haw. 766 (1936); HRS § 1-11.[3]

The defendant in this case was sentenced to the mandatory minimum sentence of imprisonment of 5 years under HRS § 706-606.5, prior to its amendment by Act 284. The minimum period remained the same under the amendatory statute and, as it might affect the defendant here, the only change was the addition of the proviso that if the circumstances should warrant it, the sentencing court may in the exercise of its sound discretion impose a lower minimum. The argument against its application to the defendant is, that he had already been sentenced prior to the effective date of Act 284 and in light of HRS § 1-3, its application as to him is now prohibited. We disagree.

HRS § 1-3 is only a rule of statutory construction and where the legislative intent may be ascertained, it is no longer determinative. And while it is true that there is nothing in the language of Act 284 to

---

[3] HRS § 1-11, which is Hawaii's general saving statute provides:

No suit or prosecution pending at the time of the repeal of any law, for any offense committed, or for the recovery of any penalty or forfeiture incurred under the law so repealed, shall be affected by such repeal.

indicate, one way or the other, that its ameliorative provisions may be applied retrospectively, we think that such application where they may still be applied was obviously the intent of the legislature.

Past legislative conduct has demonstrated an inclination on the part of the legislature to vest in the sentencing court the discretionary authority to apply the Hawaii Penal Code's more enlightened sentencing provisions where such application would further the penological objectives of the statute. Thus, although the Code when first enacted expressly precluded its application to offenses committed prior to its effective date, subject to a few delineated exceptions, the legislature nevertheless also provided that upon request of the defendant and the approval of the sentencing court, "[t]he court may impose a sentence or suspend imposition of a sentence under the provision of this Code applicable to the offense and the offender." HRS § 701-101(2)(b)(ii). The commentary on HRS § 701-101 explains the reason for the inclusion of this last provision:

> Finally, the subsection permits use of the new sentencing provisions of this Code for offenses committed before the effective date. Again, the rationale is that the defendants ought to be allowed the advantage of the new Code's more enlightened sentencing provisions in light of a legislative determination that they are preferable to the old.

The foregoing subsection was made applicable to "any case pending or commenced after the effective date of this Code, involving an offense committed before that date." HRS § 701-101(2). And while this provision was held to be inapplicable in a situation where the defendant had already been sentenced under pre-Penal Code law, *State v. Irebaria,* 60 Haw. 309, 313, 588 P.2d 927, 929 (1979), this limitation was in effect removed by the legislature in 1975 when it enacted Act 188, S.L.H. 1975, which provided for mandatory circuit court review of sentences not imposed under the Hawaii Penal Code. The avowed purpose of the Act was to conform, subject to the exercise of the trial court's sound discretion, the sentences of certain felons convicted prior to the effective date of the Code to its sentencing provisions. The legislative intent was "to grant equal application of justice demanded by adherence to the highest standards of jurisprudence." Act 188, S.L.H. 1975, § 1. The legislature, we think, has thus established a pattern of conduct evidencing an inclination

to allow the trial court in the exercise of its sound discretion to apply, in individualized circumstances, the "more enlightened sentencing provisions" of the Code, even where the crime was committed before its effective date.

It is against this legislative background that we consider the applicability of Act 284. And what we find determinative in this case is that the legislature itself has made it clear that it deemed the ameliorative provisions of Act 284 to be necessary in order to promote justice in the individual case. In reporting out the original bill (H.B. 2929-80), the House Committee on Judiciary to which the measure was referred had the following comment to make on its ameliorative provisions: "[Y]our Committee is also mindful that any mandatory minimum sentencing provision is inflexible and that there may be situations where giving the Court flexibility, i.e., discretion, *is not only desirable but essential.* Accordingly, your Committee has amended this bill to provide that the Court may impose a lesser sentence justifiable under the circumstances of the individual case." 1980 House Journal 1513, Stand. Com. Rep. No. 534-80. (Emphasis added) This was an emphatic declaration of legislative policy. A finding that the legislature could not have intended the ameliorative provisions of Act 284 to apply simply because the defendant had already been sentenced prior to the effective date of the Act would be plainly at variance with the legislative philosophy motivating the amendment.

When Act 284 became effective, the judgment and sentence of the trial court in the defendant's case was not final since his appeal was still pending, *cf. State v. Irebaria, supra,* and the Act's ameliorative provisions were still capable of application in his case. Accordingly, we are unable to accept the suggestion that the legislature, despite its recognition that the mandatory minimum sentence provisions may in certain circumstances be too severe and expressly providing for discretionary judicial moderation of sentence in such cases, must nevertheless have intended to draw a distinction between cases in which sentencing has not yet occurred and cases where the sentences are on appeal. There is no persuasive reason for the difference in treatment, and we are unwilling to ascribe to the legislature the intent to establish such an inconsistent and artificial limitation.

We are not suggesting, as other courts have, *see, e.g. In re Estrada,* 48 Cal. Rptr. 172, 175, 408 P.2d 948, 951 (1965); *In re Oliver,* 151

N.Y.S.2d 367, 373, 134 N.E.2d 197, 202 (1956), that whenever an amendatory statute is enacted to provide for a lesser penalty, *it must be presumed* that the legislature intended for it to apply in every case where it could constitutionally apply. Where the intention of the legislature with respect to retroactivity is incapable of ascertainment, the provisions of HRS § 1-3 will determine the statute's interpretation. Here, however, we find sufficient indication that the legislature intended retrospective application where the statute may still properly be applied.

Moreover, Act 284, insofar as its ameliorative provisions are concerned, may be viewed as remedial in nature. The legislative history evidences a desire on the part of the legislature to remedy the inflexibility of the previous mandatory sentencing provisions. And this court has taken the position that remedial legislation is to be construed liberally in order to accomplish the purpose for which it was enacted. *Roe v. Doe,* 59 Haw. 259, 581 P.2d 310 (1978); *Palea v. Rice,* 34 Haw. 150 (1937). Despite the presumption against retrospective laws, we have repeatedly validated the retrospective application of several remedial statutes on the basis of express or implied legislative intent. *See Hun v. Center Properties,* 63 Haw. 273, 626 P.2d 182 (1981); *Roe v. Doe, supra; Palea v. Rice, supra.* The legislature amended the mandatory sentencing provisions for repeat offenders for the purpose of remedying its inflexibility. The application of the new, more flexible law to prosecutions which have not as yet reached final judgment would be in keeping with this legislative objective. A judgment is not final for this purpose while the case is on appeal or where the time for appeal has not yet run. *Cf. State v. Irebaria, supra; In re Kirk,* 48 Cal. Rptr. 186, 408 P.2d 962 (1965).

Reversed and remanded for resentencing consistent with this opinion.

*Brook Hart* for defendant-appellant.

*Lee T. Nakamura,* Deputy Prosecuting Attorney for plaintiff-appellee.