STATE OF HAWAII, Plaintiff-Appellee, *v.* DEBRA ANN LESHER, Defendant-Appellant

NO. 8719

(D.C. NO. 1021583MO)

SEPTEMBER 9, 1983

LUM, C.J., NAKAMURA, PADGETT, HAYASHI, JJ.,
AND INTERMEDIATE COURT CHIEF JUDGE BURNS,
ASSIGNED BY REASON OF VACANCY

OPINION OF THE COURT BY PADGETT, J.

This is an appeal from a conviction for operating a motor vehicle without no-fault insurance, in violation of § 294-8(a)(1), Hawaii Revised Statutes (HRS). We affirm.

It was stipulated that at the time and place of the offense charged, the appellant was operating a motor vehicle which was not insured under a no-fault policy. Appellant had previously been convicted of an offense under this section of the law. At the time of the present offense, she was operating the vehicle in question without having made any inquiry whatsoever as to whether it was or was not insured.

Section 294-1, HRS, states:

The purpose of this chapter [i.e. the Hawaii No-Fault Insurance law] is to create a system of reparations for accidental harm and loss arising from motor vehicle accidents, to compensate these damages without regard to fault, and to limit tort liability for these accidents.

Were drivers permitted to escape penal responsibility for operating uninsured motor vehicles by failing to inquire as to whether or not there was insurance, the purpose of the statute would be frustrated, since the no-fault system is designed to require that all vehicles being operated on the highways are insured.

Section 702-204, HRS, provides:

Except as provided in section 707-712, a person is not guilty of an offense unless he acted intentionally, knowingly, recklessly, or negligently, as the law specifies, with respect to each element of the offense. When the state of mind required to establish an element of an offense is not specified by the law, that element is established if, with respect thereto, a person acts intentionally, knowingly, or recklessly.

Section 702-212, HRS, provides:

The state of mind requirements prescribed by sections 702-204 and 702-207 through 702-211 do not apply to:

. . . .

(2) A crime defined by statute other than this Code, insofar as a legislative purpose to impose absolute liability for such offense or with respect to any element thereof plainly appears.

Appellee argues that absolute liability is imposed by § 294-8(a)(1), HRS, which reads as follows:

Conditions of operation and registration. (a)(1) No

person shall operate or use a motor vehicle upon any public street, road, or highway of this State at any time unless such motor vehicle is insured at all times under a no-fault policy. Every owner of a motor vehicle used or operated at any time upon any such vehicle which provides the coverage required by this chapter and shall maintain the no-fault policy at all times for the entire motor vehicle registration period.

Appellant argues that absolute liability is not imposed and that, therefore, she should have been acquitted since there was no proof of "intent" to commit the offense. We cannot accept either position.

Section 294-8.5(a), HRS, provides:

*Verification of insurance.* (a) Every insurer shall issue to its insureds a no-fault identification card for each motor vehicle for which the basic no-fault coverage is written showing the name and make and the factory or serial number of the motor vehicle, policy number, names of the insured and the insurer, and the effective dates of coverage including the expiration date; provided, however, that insurers of five or more motor vehicles which are under common registered ownership and used in the regular course of business shall not be required to indicate the name of make· and the factory or serial number of each motor vehicle. The identification card shall be in the insured motor vehicle at all times and shall be exhibited to a law enforcement officer upon demand.

Section 294-8.6, HRS, provides:

*Unlawful use of no-fault insurance identification card.* It shall be a violation of this chapter for any person who makes, issues, or knowingly uses any fictitious, or fraudulently altered no-fault insurance identification card, or any person who displays or causes or permits to be displayed a no-fault insurance identification card knowing that the no-fault policy was cancelled as provided in section 294-9.

From the foregoing requirement, making it a violation to knowingly use a fraudulent no-fault insurance card, it is obvious that the legislature did not intend to impose absolute liability for operating an uninsured vehicle in a situation in which the operator is innocently using a fraudulent no-fault

card.

Obviously also, there can arise situations in which the operator has a validly issued no-fault card but is operating the vehicle not knowing that the card had been cancelled. For example, this is what had factually occurred in *Joshua v. MTL, Inc.,* 65 Haw. 623, 656 P.2d 736 (1982). We do not ascertain, from the statute, any legislative purpose to impose absolute penal liability on such innocent operators.

On the other hand, under the statutory scheme, all vehicles (other than federally-owned vehicles) operated on the highways must be insured and the statutory indicia of such insurance is a no-fault insurance card kept in the vehicle. All citizens are charged with knowledge of the law. It is therefore incumbent upon the borrower of a vehicle to ascertain whether or not there is a current no-fault insurance card in the vehicle.

The state of mind under the statutes cited, which can give rise to penal liability, includes acting recklessly. Section 702-206(3)(a), HRS, provides that "[a] person acts recklessly with respect to his conduct when he consciously disregards a substantial and unjustifiable risk that he engages in such conduct." By operating the vehicle in question without ascertaining that there was a valid, current no-fault card in the vehicle, appellant acted recklessly with respect to whether her conduct in driving the vehicle was in violation of § 294-8(a)(1), HRS. There were, accordingly, sufficient facts to sustain her conviction. Affirmed.

*Gregory K. Tanaka* on the opening brief and *Peter England Roberts* on the reply brief, Deputies Public Defender, for appellant.

*Shirley Smith,* Deputy Prosecuting Attorney, on the brief for appellee.