888 P.2d 376

**STATE of Hawai'i, Plaintiff–Appellee,**

v.

**Michael A. GRAY, Defendant–Appellant.**

No. 16838.

Intermediate Court of Appeals of Hawai'i.

Jan. 19, 1995.

Amie L. Thompson, Deputy Public Defender, on the briefs, Honolulu, for defendant-appellant.

Randal Q. Cockett, Deputy Prosecuting Atty., City and County of Honolulu, on the brief, Honolulu, for plaintiff-appellee.

Before BURNS, C.J., and WATANABE and ACOBA, JJ.

BURNS, Chief Judge.

Defendant Michael A. Gray (Gray) appeals the district court's January 20, 1993 judgment finding him guilty of Operating a Vehicle Without No–Fault Insurance, Hawai'i Revised Statutes (HRS) § 431:10C–104 (1987 Special Pamphlet), suspending his license for three months, and ordering him to pay a $1,000 fine.

Gray contends that the district court (1) erroneously rejected his good faith and reasonable belief defenses when it imposed the burden of proof on Gray and decided that Gray had not satisfied his burden of proof; (2) erroneously found sufficient evidence that Gray acted with a reckless state of mind; and (3) erroneously ordered Gray to pay a $1,000 fine instead of imposing community service or before it determined that he was able to pay the fine. We vacate the order requiring Gray to pay a $1,000 fine. In all other respects, we affirm.

## FACTS

At the January 20, 1993 district court trial, the parties stipulated that (1) Gray had borrowed a vehicle from a friend; (2) Gray observed his friend driving the vehicle on previous occasions and assumed that it was insured; (3) thereafter, on September 29, 1989, Gray was driving his friend's vehicle in the area of Ala Wai Boulevard and Launiu Street when a Honolulu police officer stopped him after observing the vehicle make an unsafe lane change; and (4) Gray did not show proof of no-fault insurance coverage and was cited for, *inter alia*, Operating a Vehicle Without No–Fault Insurance, HRS § 431:10C–104.

Gray asserted the good faith and reasonable belief defenses stated in HRS § 431:10C–117 (Supp.1992). The district court found him guilty, suspended his driver's license for a period of three months, and ordered him to pay a fine of $1,000. Defense counsel immediately requested community service in lieu of the fine. The court responded: "No. I do not go along on an automatice [sic] conversion. Let's see how well he does under the payment schedule of this Court."

## DISCUSSION

### I.

The district court erroneously categorized the good faith defense as an affirmative defense rather than as a defense. This error was inconsequential, however, because the evidence on the record does not mandate consideration of the good faith defense.

HRS § 701–115(2) (1985) states that "[n]o defense may be considered by the trier of fact unless evidence of the specified fact or facts has been presented." Gray contends the district court erred in deciding that he did not present evidence of the facts necessary to support his good faith and reasonable belief defenses. On this issue, we affirm the district court.

The statute in effect when Gray's citation was issued on September 29, 1989 stated in relevant part as follows:

§ 431:10C–117   **Penalties.**

\*   \*   \*   \*   \*   \*

(a)(2) Notwithstanding any provision of the Hawai'i Penal Code, each violation shall be deemed a separate offense and shall be subject to a fine of not less than $100 nor more than $5,000 which shall not be suspended; provided that if the person is convicted of not having had a no-fault policy in effect at the time the citation was issued, the fine shall be $1,000 for the first offense and a minimum of $3,000 for each subsequent of-

fense. In addition to the fine in this paragraph, ..., either the driver's license of the driver and of the registered owner shall be suspended for six months or they shall be required to maintain proof of financial responsibility pursuant to section 287–21(2), (3), or (4) and keep a nonrefundable no-fault insurance policy in force for six months; ...; and provided further that any person cited under this section shall have an opportunity to present a good faith defense, including but not limited to lack of knowledge or proof of insurance....

Act 348, § 1, 1989 Haw.Sess.Laws 1016.

On February 16, 1990, *State v. Palpallatoc* held that in order to satisfy the good faith defense, the borrower of a vehicle must at least inquire whether or not the vehicle is insured.

Act 167, 1990 Haw.Sess.Laws 328, which became effective on June 19, 1990, disapproved of *Palpallatoc's* interpretation of the good faith defense and added a reasonable belief defense to HRS § 431:10C–117(a)(2). As amended, HRS § 431:10C–117(a)(2) states in relevant part:

### § 431:10C–117  Penalties.

   \*     \*     \*     \*     \*     \*

(a)(2) Notwithstanding any provision of the Hawai'i Penal Code, each violation shall be deemed a separate offense and shall be subject to a fine of not less than $100 nor more than $5,000 which shall not be suspended; provided that if the person is convicted of not having had a no-fault policy in effect at the time the citation was issued, the fine shall be $1,000 for the first offense and a minimum of $3,000 for each subsequent offense; provided however, that upon request, the judge may grant community service in lieu of the fine, of not less than 75 hours and not more than 100 hours for the first offense, and not less than 200 hours nor more than 275 hours for the second offense; the judge may grant community service in lieu of the fine for subsequent offenses at the judge's discretion.... In addition to the fine in this paragraph, ..., either

the driver's license of the driver and of the registered owner shall be suspended for three months or they shall be required to maintain proof of financial responsibility pursuant to section 287–21(2), (3), or (4) and keep a nonrefundable no-fault insurance policy in force for six months; ...; and provided further that any person cited under this section shall have an opportunity to present a good faith defense, including but not limited to lack of knowledge or proof of insurance. The general penalty provision of this section shall not apply to:

...

(C) Any operator of a borrowed motor vehicle if the operator holds a reasonable belief that the subject vehicle is insured.

■ Gray was tried on January 20, 1993. On May 16, 1994, *State v. Bolosan*, 78 Hawai'i 98, 890 P.2d 685 (App.1994), *cert. granted*, 76 Hawai'i 453, 879 P.2d 558 (1994), expressed our inability "to discern, in either the language of Act 167 or its legislative history, any expressed or obvious intention by the legislature that the new standard established for a good faith defense be applied retroactively." *Id.* slip op. at 16, —— Hawai'i at ——, —— P.2d at ——. Because Act 167's 1990 amendments pertaining to the good faith defense and the reasonable belief defense did not apply on September 29, 1989, the reasonable belief defense was not available to Gray and the controlling law with respect to his good faith defense was *State v. Palpallatoc*, 71 Haw. 178, 787 P.2d 214 (1990). *See Bolosan*, slip op. at 14–17, —— Hawai'i at ——, —— P.2d at ——.

*Palpallatoc* held that "in order to satisfy the good faith defense of lack of knowledge, the borrower of a vehicle must at least inquire whether or not the vehicle is insured." *Id.* at 182, 787 P.2d at 216. Evidence that Gray borrowed the vehicle from a friend, that Gray had seen the friend drive the vehicle on previous occasions, and that Gray assumed that the vehicle was insured, was insufficient to prove the good faith defense. Thus, the district court did not erroneously impose a burden of proof on Gray and the

State was not required to negative Gray's alleged good faith.

## II.

■ Gray's claim that there was insufficient evidence that he acted with a reckless state of mind is without merit.

In *State v. Lesher,* 66 Haw. 534, 669 P.2d 146 (1983), the Hawai'i Supreme Court stated, "[b]y operating the vehicle in question without ascertaining that there was a valid, current no-fault card in the vehicle, appellant acted recklessly[.]" *Lesher,* 66 Haw. at 537, 669 P.2d at 148. Even if Gray, in his words, "assumed [in] good faith that the car was insured[,]" that fact does not qualify as "ascertaining" the existence of a valid, current no-fault card.

## III.

Finally, Gray challenges the district court's decision not to convert the $1,000 fine to community service and its imposition of a $1,000 fine without first determining Gray's ability to pay.

### A.

Gray contends that HRS § 706–641 (1985 and Supp.1992) required the district court to inquire into Gray's ability to pay a fine prior to imposing it. We conclude that the relevant part of HRS § 706–641 is inapplicable. That relevant part is as follows:

> **§ 706–641 Criteria for imposing fines.**
>
> \* \* \* \* . \* \*
>
> (3) The court shall not sentence a defendant to pay a fine unless:
>
> (a) The defendant is or will be able to pay the fine; and
>
> (b) The fine will not prevent the defendant from making restitution to the victim of the offense.
>
> (4) In determining the amount ... of a fine, the court shall take into account the financial resources of the defendant and the nature of the burden that its payment will impose.

As noted previously, Gray was sentenced pursuant to HRS § 431:10C–117(a)(2). It mandates a fine in the amount of $1,000 for the first offense and does so "Notwithstanding any provision of the Hawai'i Penal Code, ..." HRS § 706–641 is a provision of the Hawai'i Penal Code. The part of it quoted above contradicts the mandatory $1,000 fine. Nothing in HRS § 431:10C–117(a)(2) indicates any legislative intent to exempt the relevant part of HRS § 706–641 from its supremacy phrase. The legislative history of HRS § 431:10C–117(a)(2) clearly indicates that the imposition of a $1,000 fine is unconditionally mandatory. *See* Hse. Conf. Comm. Rep. No. 5–80, in 1980 House Journal, at 1070, or Sen. Conf. Comm. Rep. No. 6–80, in 1980 Senate Journal, at 940–41, for the legislative history of HRS § 294–39(a) (1985), the predecessor of HRS § 431:10C–117(a).

■ We note that the prohibition of imprisonment for debt stated in article 1, section 19, of Hawai'i's Constitution does not apply to fines or penalties arising from a violation of Hawai'i's penal laws. 16A Am. Jur.2d, *Constitutional Law,* § 623 (1979).

■ We further note, however, that the following parts of HRS § 706–641 and HRS § 706–642 (1985 and Supp.1992) do not contradict and, therefore, are unaffected by HRS § 431:10C–117(a)(2)'s supremacy phrase and mandatory $1,000 fine.

> **§ 706–641 Criteria for imposing fines.**
>
> \* \* \* \* \* \*
>
> (4) In determining the ... method of payment of a fine, the court shall take into account the financial resources of the defendant and the nature of the burden that its payment will impose.
>
> **§ 706–642 Time and method of payment.** (1) When a defendant is sentenced to pay a fine, the court may grant permission for the payment to be made within a specified period of time or in specified installments. If no such permission is embodied in the sentence, the fine shall be payable forthwith by cash, check, or by a credit card approved by the court.
>
> \* \* \* \* \* \*

Because it appears that the district court may have been unaware of the applicability of the above-quoted parts of HRS §§ 706–641 and –642, we vacate the part of the sentence ordering Gray to pay a $1,000 fine and remand that part for resentencing.

### B.

When Gray was cited in 1989, HRS § 431:10C–117 mandated a fine and did not allow the district court any discretion to convert the fine to community service.

In 1990, Act 167 amended · HRS § 431:10C–117. In addition to clarifying the good faith defense and adding the reasonable belief defense, Act 167 authorized the sentencing court the discretion to convert fines to community service. *See* Act 167, 1990 Haw.Sess.Laws 328. As amended, HRS § 431:10C–117(a)(2) states in relevant part as follows:

> (2) Notwithstanding any provision of the Hawaii [Hawai'i] Penal Code, each violation shall be deemed a separate offense and shall be subject to a fine of not less than $100 nor more than $5,000 which shall not be suspended; provided that if the person is convicted of not having had a no-fault policy in effect at the time the citation was issued, the fine shall be $1,000 for the first offense and a minimum of $3,000 for each subsequent offense; provided, however, that upon request, the judge may grant community service in lieu of the fine, of not less than 75 hours and not more than 100 hours for the first offense and not less than 200 hours nor more than 275 hours for the second offense; the judge may grant community service in lieu of the fine for subsequent offenses at the judge's discretion.

HRS § 1–3 (1985) provides that "[n]o law has any retrospective operation, unless otherwise expressed or obviously intended." In *Bolosan, supra,* we were "unable to discern, in either the language of Act 167 or its legislative history, any expressed or obvious intention by the legislature that the new standard established for a good faith defense. be applied retroactively." *Bolosan,* 78 Hawai'i at 106–07, 890 P.2d at 693–94.

*Bolosan,* however, was concerned with a defense. Gray's case is concerned with the sentence and the question is whether it was the "obvious intention" of the legislature to authorize the retroactive application of the part of Act 167 that authorized the sentencing court the discretion to impose a sentence of community service instead of a fine. In the light of *State v. Von Geldern,* 64 Haw. 210, 214, 638 P.2d 319, 322 (1981), our answer is yes.

*Von Geldern* concluded that a statute allowing the sentencing court the discretion to impose a lesser mandatory minimum sentence applied to a sentence on appeal when the statute took effect. Although the Hawai'i Supreme Court in *Von Geldern* had no more evidence of legislative intent than is present in Gray's case, it discerned "sufficient indication that the legislature intended retrospective application[.]" 64 Haw. at 216, 638 P.2d at 323. The basis for the decision in *Von Geldern* was the reasonable assumption that, unless expressly stated otherwise, the legislature always intends its new flexible sentencing alternatives to apply retroactively. That precedent applies in this case.

Because the district court may have been unaware of its discretionary authority to sentence Gray to perform community service rather than to pay the fine, we vacate the part of the sentence ordering Gray to pay a $1,000 fine and remand that part for resentencing.

### CONCLUSION

Accordingly, we ·affirm that part of the district court's January 20, 1993 judgment that finds Gray guilty of Operating a Vehicle Without No–Fault Insurance, HRS § 431:10C–104, and suspends his driver's license for ·a period of three months. We vacate that part of the January 20, 1993 judgment that orders Gray to pay a fine of $1,000 and we remand that part for resentencing in conformity with this opinion.