823 So.2d 1112 (2002)
STATE of Louisiana, Appellee
v.
Floyd NELSON, Appellant.
No. 36,266-KA.
Court of Appeal of Louisiana, Second Circuit.
August 14, 2002.
Louisiana Appellate Project by Carey J. Ellis, III, Abita Springs, Indigent Defender Board by Kammi R. Whatley, Shreveport, for Appellant.
Richard Ieyoub, Attorney General, Paul J. Carmouche, District Attorney, J. Thomas Butler, Laura Wingate, Assistant District Attorneys, for Appellee.
Before WILLIAMS, GASKINS and KOSTELKA, JJ.
KOSTELKA, J.
Floyd Nelson ("Nelson") pled guilty as charged to one count of DWI, fourth offense, La. R.S. 14:98(E). The trial court suspended all but two years of the imposed minimum sentence of ten years, ordered the two years to be served without benefit of parole, probation or suspension of sentence and imposed a $5,000 fine. Nelson was additionally placed on three years' supervised probation and required to participate in substance abuse and driver improvement programs. Following the denial of his motion for reconsideration of sentence, Nelson appeals contending that the trial court failed to adequately articulate its reasons for sentence and imposed an excessive sentence. We affirm the conviction but vacate the sentence and remand for resentencing in accordance with State v. Mayeux, XXXX-XXXX (La.06/21/02), 820 So.2d 526.[1]

FACTS
The matters of record show that on August 8, 2000, Nelson was arrested for DWI after he drove through a stop sign; his blood alcohol level was .187. Nelson had three prior DWI convictions, two on May 18, 1993 and the other on July 1, 1999.

*1113 DISCUSSION
During the 2001 Regular Session, the Louisiana Legislature passed Act 1163, which, in pertinent part, amended the sentencing provisions of La. R.S. 14:98(E), specifically providing that a fourth offense DWI offender would face only sixty days of mandatory jail time.[2] The amendment's effective date was August 15, 2001.
In this case, Nelson was arrested on August 8, 2000, but did not enter a guilty plea until September 10, 2001, after the effective date of the amendment to La. R.S. 14:98. These facts are virtually identical to the facts presented to the supreme court in Mayeux, supra. Mayeux was arrested for DWI, fourth offense, on February 22, 2000 and pled guilty on September 27, 2001. As in the present case, the trial court sentenced him pursuant to the provisions of La. R.S. 14:98(E) as it existed at the time of the offense. Mayeux appealed, urging that the trial court erred in failing to sentence him under the statute in effect at the time of his conviction. In a four-three decision, the supreme court agreed finding the applicable sentencing statute to be the one in effect at the time of conviction rather than the time of the offense.
Based upon this pronouncement, we find that the trial court erred in failing to sentence Nelson pursuant to the provisions of La. R.S. 14:98(E) as it existed at the time of his conviction. It will, therefore, be necessary that we vacate the sentence and remand the case to the district court for sentencing in conformity with this opinion.
CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED.
NOTES
[1] In light of this disposition, it will be unnecessary that we address the possible leniency of the imposed sentence due to the trial court's failure to order forfeiture of Nelson's vehicle.
[2] Conversely, the statute under which Nelson was sentenced required at least two years of the imposed sentence to be served without benefit of parole, probation or suspension of sentence.