hPEATROSS, J.
Defendant, Bobby Joseph Wiltcher, Jr., was charged with two counts, one each in Lincoln Parish and Union Parish, of Driving While Intoxicated (“DWI”), a violation of La. R.S. 14-.98.[1] In an agreement with the district attorney’s office in both parishes, Defendant pled guilty as charged to both counts. Defendant was sentenced to two terms of ten years at hard labor and a fine was imposed. The sentences are to run concurrently. The court suspended eight years with the first two years to be served without benefit of probation, parole or suspension of sentence. Defendant now appeals his sentences, asserting that the court erred by failing to impose sentences under the provisions of La. R.S. 14:98, as amended by the Legislature in 2001. For the reasons stated herein, we vacate the sentences and remand for resentencing.
FACTS
On March 15, 1998, Defendant was stopped while operating a motor vehicle in Lincoln Parish. Defendant failed an In-toxilyzer test and was arrested for DWI. The bill of information in Lincoln Parish indicated that he had three previous convictions for DWI. On January 1, 2001, before the Lincoln Parish case went to trial, Defendant was stopped while operating a motor vehicle in Union Parish. Again, Defendant failed the Intoxñyzer test and was arrested for DWI. A bill of *435 information charging Defendant with DWI was then submitted in Union Parish. Defendant moved to consolidate the two cases, but this motion was denied.
li>On December 3, 2001, Defendant entered a plea of guilty to both counts of DWI. The plea agreement offered to Defendant by the State was that he receive the minimum sentence under the statute and that the sentences in Lincoln Parish and Union Parish would run concurrently. The Honorable Cynthia T. Woodard, sitting in the same Division of Court and Judicial District for both Lincoln Parish and Union Parish, accepted the plea of guilty in both cases. Upon Defendant’s guilty plea, the trial court set sentencing for April 11, 2002, when the Defendant was sentenced to identical and concurrent sentences on both counts of DWI.
As previously stated, Defendant was sentenced to two terms of ten years at hard labor to run concurrently with all but two years suspended, supervised probation for five years, a fine of $5,000 and court costs. The two years imposed on Defendant that were not suspended were imposed without benefit of probation, parole or suspension of sentence. This appeal ensued. On appeal, Defendant raises the following assignment of error: The trial court failed to consider the sentencing amendments to La. R.S. 14:98 of Act No. 1103 of the 2001 Legislature, in fashioning Defendant’s sentence.
DISCUSSION
Concerning DWI offenses, the 2001 amendments to La. R.S. 14:98 establish that a defendant shall be sentenced to a specific term according to the law in effect at the time of his conviction of the offense and not according to the law in effect at the time he committed the offense. State v. Mayeux, 01-3195 (La.6/21/02), 820 So.2d 526.
| sThe current La. R.S. 14:98(E), as amended, provides:
E. (l)(a) Except as otherwise provided in Subparagraph (4)(b) of this Subsection, on a conviction of a fourth or subsequent offense, notwithstanding any other provision of law to the contrary and regardless of whether the fourth offense occurred before or after an earlier conviction, the offender shall be imprisoned with or without hard labor for not less than ten nor more than thirty years and shall be fined five thousand dollars. Sixty days of the sentence of imprisonment shall be imposed without benefit of probation, parole, or suspension of sentence. The remainder of the sentence of imprisonment shall be suspended and the offender shall be required to undergo an evaluation to determine the nature and extent of the offender’s substance abuse disorder.
(b) The treatment professional performing the evaluation shall recommend appropriate treatment modalities, which shall include substance abuse treatment at an inpatient facility recommended by the Department of Health and Hospitals, office for addictive disorders and approved by the Department of Public Safety and Corrections for a period of not less than four weeks nor more than six weeks.
(c) The offender may be sentenced to additional follow-up substance abuse treatment services to meet the offender’s needs if determined to be necessary by the offender’s treating physician, for a period not to exceed twelve months. The follow-up treatment shall be provided in a manner to gradually decrease the intensity of treatment services.
(d) Upon successful completion of the inpatient substance abuse treatment required by this Paragraph the offender shall be sentenced to home incarceration for not less than one nor more than five years in accordance with Paragraph (3) *436 of this Subsection and shall be fined five thousand dollars.
(e) If the offender fails to complete the substance abuse treatment required by the provisions of this Paragraph or violates any condition of home incarceration, he shall be imprisoned for the original term of his suspended sentence with no credit for time served under home incarceration.
In Mayeux, the supreme court established that the amended statute, La. R.S. 14:98, is to be applied to a person charged with, but not yet convicted of, DWI. Under facts very similar to the instant case, the supreme court applied the amended statute to Mr. Mayeux. The court held that, since |4Mr. Mayeux pled guilty to his fourth DWI offense on September 27, 2001, which was after August 15, 2001, the date the amended statute, La. R.S. 14:98, went into effect, he should have been sentenced according to the amended statute. The court held that the statute in effect at the time the person is convicted of DWI is applied and not the statute in effect when the DWI offense was committed.
Defendant argues that Mayeux applies to the instant case and the trial court should have imposed a sentence that is within the reduced range for a fourth offense DWI under the amended statute, La. R.S. 14:98. We agree. Under the prior law, which was applied by the trial court in the case sub judice, a fourth DWI offender faced a penalty of not less than ten years at hard labor and not more than thirty years at hard labor, at least two years of which ran without benefit of suspended sentence, parole or probation. According to the amended statute, La. R.S. 14:98, however, a person convicted of a fourth DWI offense now faces only sixty days of mandatory jail time and the court shall suspend the remaining portions of the sentence and order the offender to undergo an evaluation to determine the nature and extent of his substance abuse disorder.[2] The supreme court stated in Mayeux, supra, that the legislative purpose behind the changes in the law was to embrace treatment measures in preference to incarceration when a|sperson is convicted of a third or subsequent DWI offense.[3] The Defendant in the case sub judice, with three previous DWI convictions, is the type of offender the Legislature had in mind when the statute was amended.
In the instant case, Defendant pled guilty on December 3, 2001, which, as previously stated, is well after August 15, 2001, the date the amended statute, La. R.S. 14:98, went into effect. Applying Mayeux to the case sub judice, the trial court should have sentenced Defendant in accordance with the amended statute, which is the law in effect at the time of his conviction, rather than having sentenced him under the prior law.
While we note that the State, in the instant case, has also urged that the final decision in Mayeux, supra, be applied, we further recognize that this court has already applied and followed Mayeux in State v. Nelson, 36,266 (La.App.2d Cir.8/14/02), 823 So.2d 1112. In Nelson, we held that, in DWI cases, the sentencing statute in effect at the time of conviction must be followed rather than the sentencing statute in effect at the time of the *437 commission of the offense. We found that the trial court erred in failing to sentence the defendant pursuant to the provisions of La. R.S. 14:98(E), as it existed at the time of his conviction. Nelson, supra.
Based upon Mayeux, supra, Nelson, supra, and the acquiescence of the district attorney in this case to follow Mayeux, we hold that the trial court erred in failing to sentence Defendant pursuant to the provisions of the amended DWI statute. Defendant must be sentenced according to the |fiamended DWI statute, which is the law in effect at the time of his conviction. We vacate the sentences imposed on Defendant and remand for resentencing.
CONCLUSION
For the foregoing reasons, the sentences of Bobby Joseph Wiltcher, Jr. are vacated and the matters are remanded for further proceedings in accordance with State v. Mayeux, supra, and State v. Nelson, supra.
SENTENCES VACATED; REMANDED FOR RESENTENCING IN ACCORDANCE WITH THIS OPINION.

. Both Union Parish and Lincoln Parish are within the Third Judicial District Court.

. The evaluation entails inpatient treatment at a facility approved by the Department of Corrections for not less than four weeks and not more than six weeks, after which time the offender shall serve not less than one year and not more than five years in home incarceration, if he is convicted of a fourth DWI offense.

. The court stated that third or subsequent DWI offenses are presumptive evidence of the existence of a substance abuse disorder and that successful treatment methods other than imprisonment are available and effective for such disorders.