820 So.2d 526 (2002)
STATE of Louisiana
v.
Michael J. MAYEUX.
No. 2001-KK-3195.
Supreme Court of Louisiana.
June 21, 2002.
Lawrence J. McGrath, II, New Orleans, Counsel for Applicant.
*527 Richard P. Ieyoub, Attorney General, Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Churita H. Hansell, Joseph T. Oubre, Gretna, Counsel for Respondent.
WEIMER, Justice.
During the 2001 Regular Session, in an effort to address the societal costs of drunken driving and a high per capita prison population, the Louisiana Legislature amended the sentencing provisions of several criminal statutes, which amendments spawned appeals we consider this date.[1] Specifically, addressing itself to offenders of the driving-while-intoxicated statutes, the legislature declared that conviction of a third or subsequent DWI offense is presumptive evidence of a substance abuse disorder and that successful methods for treating addictive disorders are available. LSA-R.S. 14:98(G).
In this driving-while-intoxicated case, Michael J. Mayeux argues that the district court erred in sentencing him under the provisions of the statute in effect at the time of his offense rather than provisions that were in effect at the time of his conviction. Based on the language of the statute and the legislative statement of purpose, we agree.

FACTS
On February 22, 2000, Mayeux was arrested and charged with a violation of LSA-R.S. 14:98(E), driving while intoxicated, fourth offense (fourth DWI). During the 2001 Regular Session, the Legislature passed Act 1163, which amended the statute's sentencing provisions. The amendment's effective date was August 15, 2001. On September 27, 2001, the defendant pled guilty, waived all delays for re-sentencing, and reserved his right to appeal under State v. Crosby, 338 So.2d 584 (La.1976).
The trial court sentenced Mayeux pursuant to LSA-R.S. 14:98(E) as it existed at the time of the offense.[2] Accordingly, the *528 court sentenced him to serve ten years at hard labor, five of which were to be suspended, three and one half years to be served with the Department of Corrections (DOC) and one and a half years to be served in home incarceration. The defendant applied for supervisory writs to the Court of Appeal, Fifth Circuit. The appellate court denied the writ and decided that the defendant must begin serving his sentence on January 7, 2002. We granted certiorari to determine whether the sentencing provisions in effect at the time the sentence was imposed should be given effect in a situation where the offense was committed prior to the enactment of the new legislation.

DISCUSSION
The amended version of LSA-R.S. 14:98[3] differs substantially from the former version in several significant ways. First, while the new law retains the sentencing ranges provided for third and fourth DWI offenders, it radically changes the way in which the offender serves the sentence imposed by the court.
Under prior law, a third DWI offender faced a penalty from one year to five years with or without hard labor, six months of which ran without benefit of suspension of sentence, probation, or parole. LSA-R.S. 14:98(D)(1). As a condition of probation, if the court suspended the remainder of the *529 sentence in whole or in part, the offender was required to participate in court-approved driver-improvement and anti-substance-abuse programs. A fourth DWI offender faced a penalty of not less than ten years at hard labor and not more than thirty years at hard labor, at least two years of which ran without benefit of suspension of sentence, parole, or probation. LSA-R.S. 14:98(E)(1) and (3)(a). As in the case of third DWI offenders, a fourth DWI offender receiving suspension of sentence and probation on the remaining portion of his sentence previously was required to participate in court-approved driver-improvement and anti-substanceabuse programs.
Under current law, the penalty ranges remain the same, but the third DWI offender faces only thirty days of mandatory jail time and a fourth DWI offender only sixty days of mandatory jail time. Thereafter, the court shall suspend the remaining portions of the sentence and order the offender to undergo an evaluation to determine the nature and extent of his substance abuse disorder. The evaluation entails inpatient treatment at a facility approved by DOC for not less than four weeks and not more than six weeks, after which the offender shall serve the remaining portion of his sentence in home incarceration if he is a third DWI offender or not less than one year and not more than five years if he is a fourth DWI offender.
As an initial matter, statutory interpretation begins, "as [it] must, with the language of the statute." Bailey v. United States, 516 U.S. 137, 144, 116 S.Ct. 501, 506, 133 L.Ed.2d 472 (1995). While the amended version of the statute does not specifically mention the "retroactivity"[4] of the new provisions, the statute contains three provisions which suggest that the amended version should apply in the instant case.
First, the statute plainly states that "upon conviction," and not "upon committing the offense," the defendant shall be sentenced to a specific term. Thus, the specific language in LSA-R.S. 14:98 provides the time at which the penalty provisions are applicable.
Second, as previously noted, the amended version of the statute contains a specific statement of legislative purpose, as follows:
The legislature hereby finds and declares that conviction of a third or subsequent DWI offense is presumptive evidence of the existence of a substance abuse disorder in the offender posing a serious threat to the health and safety of the public. Further the legislature finds that there are successful treatment methods available for treatment of addictive disorders.
LSA-R.S. 14:98(G). Thus, the legislature has clearly stated its intention to embrace treatment measures in preference to incarceration. Applying the more lenient sentencing requirements of the amended statute to someone convicted after the enactment of the legislation, despite the commission of the offense prior to the enactment, would further this legislatively stated purpose. This clearly stated legislative purpose is one which this court cannot ignore.
Finally, language in the amending legislation grants potential relief to those already convicted by providing that "[n]othing contained in this Act shall be construed to limit the authority of the Department of *530 Public Safety and Corrections in recommending those persons incarcerated on or before August 15, 2001, to participate in home incarceration in accordance with Code of Criminal Procedure Article 894.2." 2001 La. Acts No. 1163, § 4. It would be incongruous to extend the opportunity for home incarceration, and treatment, to those already convicted but to withhold that opportunity from those who were charged but not convicted prior to August 15, 2001, the effective date of the amendments.
Thus, three specific provisions within the new legislation point to an interpretation consistent with applying the new provisions to a defendant who was not convicted of a fourth DWI charge until after the effective date of the statute: 1) the words "upon conviction"; 2) the legislative purpose of favoring treatment over incarceration; and 3) allowing home incarceration for those previously convicted.
We acknowledge Louisiana's prior case law on the subject has adhered to the rule that "the law in effect at the time of the commission of the offense is determinative of the penalty which the convicted accused must suffer." State v. Wright, 384 So.2d 399, 401 (La.1980); see also, State v. Clark, 391 So.2d 1174 (La.1980); accord, State v. Paciera, 290 So.2d 681 (La.1974) (Imposition of a sentence under a statute in effect at the time an offense was committed rather than lesser sentence provided for by an amended statute which was enacted after commission of the charged offense and prior to conviction did not deny defendant due process or equal protection when the amendatory statute provided that it was not to apply to crimes committed prior to the effective date of the amendment.). Although this rule of law has been consistently applied in the courts of this state,[5] the rule requiring the penalty provision in effect at the time of the offense be the governing provision where an ameliorative change in the law has occurred is not followed in all jurisdictions. See Clark, 391 So.2d at 1176 n. 1; see also, State v. Morris, 131 Idaho 263, 954 P.2d 681 (1998) (Defendant convicted of first degree burglary was subject to maximum ten-year sentence under amended burglary statute enacted after he committed offense but before he was sentenced, rather than to maximum 15 year sentence under statute in effect when he committed offense, where amended statute did not include savings clause and did not indicate which maximum sentence should apply.). Today, this rule is followed by a majority of the states that have dealt with the issue. See State v. Von Geldern, 64 Haw. 210, 638 P.2d 319 (1981); Elkins v. State, 659 N.E.2d 563 (Ind.App.1995); People v. Schultz, 435 Mich. 517, 460 N.W.2d 505 (1990); State v. Coolidge, 282 N.W.2d 511 (Minn.1979); State v. Pardon, 272 N.C. 72, 157 S.E.2d 698 (1967); State v. Cummings, 386 N.W.2d 468 (N.D.1986); State v. Macarelli, 118 R.I. 693, 375 A.2d 944 (1977).
Thus, while current Louisiana appellate court jurisprudence holds that the law in effect at the time of the offense should control the sentencing of the instant defendant, this court has not concluded definitely that, in a case such as the one before it here concerning the specific statutory provisions of the amended LSA-R.S. 14:98, the date of the offense and not the date of the conviction controls. Specifically, this case differs from both Wright, 384 So.2d 399, and Clark, 391 So.2d 1174, in that *531 those cases dealt only with changes in the term of imprisonment. In both of those cases, the earlier statute, LSA-R.S. 14:67.1, had provided for a penalty of imprisonment at hard labor of "not less than one nor more than ten years," for the crime of theft of livestock. As amended, the penalty provided for imprisonment for "not more than one year." Nothing in the language of the statute changed except the term of imprisonment.
Conversely, here, as discussed at length above, the legislature made substantial changes to the penalty provisions of the statute as well as adding a "policy" statement to the statute. See LSA-R.S. 14:98(G). While the amended version of the statute does not specifically address the "retroactivity" of the new provisions, the statute does state that "upon conviction" and not "upon committing the offense" the defendant shall be punished to a specific term. Finally, imposing the harsher penalty in such circumstances would serve no valid penological purpose, particularly in the instant case in which the legislature has made a policy determination that a third or fourth DWI offense is presumptive evidence of the existence of a substance abuse disorder and that successful treatment methods other than imprisonment are available and effective for such disorders.
Drunk drivers have extracted a significant toll on society and on the innocent victims of their misdeeds. However, it is the legislature, not this court, which establishes the sentencing range. It is the role of the courts to follow the sentencing provisions which were clearly stated by the legislature.

CONCLUSION
Accordingly, we vacate the sentence and remand the case to the district court for sentencing in conformity with this opinion.
SENTENCE VACATED; REMANDED.
VICTORY, J., dissents and assigns reasons.
TRAYLOR, J., dissents for reasons assigned by VICTORY, J.
JOHNSON, J., concurs.
KIMBALL, J., dissents and assigns reasons.
VICTORY, J., dissenting.
I dissent from the majority's ruling that the district court erred in sentencing defendant under the provisions of La. R.S. 14:98E in effect at the time of his offense rather than at the time of his conviction. This Court has consistently held that the law in effect at the time of the commission of the offense is determinative of the penalty. State v. Wright, 384 So.2d 399 (La. 1980); State v. Narcisse, 426 So.2d 118 (La.1983). In fact, we affirmed this concept in two rulings today. State v. Sugasti, 01-3407 (La.6/21/02), 820 So.2d 518; State v. Wayne Mayeux, 01-3408 (La.6/21/02), 820 So.2d 524. I disagree with the reasoning of the majority for deviating from this rule in this case.
First, the fact that La. R.S. 14:98E states that "on ... conviction" and not "upon committing the offense," the defendant shall be sentenced to a specific term is not determinative of this issue. This is not unique wording. In the revised statutes alone, at least 37 statutes use language based on the time of conviction to determine the sentence. See La. R.S. 4:149.1; 4:171.1; 6:121.5; 6:1099; 9:3518.2; 9:3553; 9:3573.13; 14:79; 14:18.2; 14:94; 14:95; 14:95.8; 14:98; 14:98.1; 14:102.2; 14:106; 14:283; 15:529.1; 15:542; 15:574.4; 17:172; 18:1506.6; 30:2531; 30:2531.1; 32:1236; 33:4753.1; 37:154; 37:700; 40:966; 40:971; 40:979; 40:982; 40:1645; *532 40:1715; 40:2608; 47:2607. In fact, this language is used in different sections of the statute at issue in State v. Sugasti, supra, i.e., La. R.S. 40:966 dealing with controlled dangerous substances, and provides the penalties for manufacture and distribution under La. R.S. 40:966(A) and (B) and the penalties for possession of marijuana under La. R.S. 40:966(D) "upon conviction."
Secondly, the legislative purpose stated in La. R.S. 14:98(G) of favoring treatment over incarceration cannot overcome the presumption against the retroactivity of laws. Knowing that this Court has consistently applied the penalty provisions in effect at the time of the commission of the offense, had the legislature intended for any provisions of La. R.S. 14:98 to have retroactive, rather than prospective, effect, it would have clearly said so. Yet, the legislature in La. R.S. 1:2 had clearly stated its default position, i.e., if we do not say that it is retroactive in the statute, it is not.
Finally, that home incarceration might not be available for those charged but not convicted prior to August 15, 2001, is far too tenuous a reason to depart from our well-established rules relating to sentencing. In all probability, if there is a problem, the legislature simply overlooked it and was not in any way suggesting that the sentencing changes in La. R.S. 14:98 be applied to crimes committed before the changes went into effect.
KIMBALL, Justice, dissenting.
I dissent from the majority's decision to apply the sentencing provisions in effect at the time of defendant's conviction rather than those in effect at the time he committed the offense. It has long been held in this state that "[w]here there has been an ameliorative change in the penalty provision of a statute that takes effect after the date of the offense, but before trial or final judgment, it is the rule in this state that the penalty provision in effect at the time of the offense is the applicable provision." State v. Clark, 391 So.2d 1174, 1176 (La. 1980). The majority's attempt to distinguish Clark from the instant case by stating that nothing in the language of the statute at issue in Clark changed except the term of imprisonment is unpersuasive in light of the strong principle enunciated in Clark.
Louisiana courts have consistently applied this rule and the legislature must be presumed to be aware of it. Because the legislature did not explicitly state its intention that the new law should apply to those cases in which the offense was committed prior to the effective date of the Act, the majority strains to infer that intent. As pointed out by Justice Victory's dissent, the fact that the statute utilizes the phrase "upon conviction" is not at all unusual language that can be said to repudiate the general rule. Additionally, although the legislature stated that conviction of a third or subsequent DWI offense is presumptive evidence of the existence of a substance abuse disorder and that there are successful treatment methods available for such disorders, this statement does not evidence a clear intent to "embrace treatment measures in preference to incarceration," Op. at p. 529, especially in light of the fact that incarceration remains mandatory.
In my view, this court, in the absence of the expression of explicit legislative intent to the contrary, should continue to apply the longstanding rule that even in the case of an ameliorative change in the penalty provision of a statute, the penalty provision in effect at the time of the offense is the applicable provision. I would therefore affirm defendant's sentence in accordance *533 with the law in effect at the time of the commission of the offense.
NOTES
[1] See separate opinions rendered in State v. Sugasti, 01-K-3407 (La. 6/21/02), 820 So.2d 518, and State v. Mayeux, 01-KP-3408 (La. 6/21/02), 820 So.2d 524.
[2] The 2001 amendment rewrote Paragraphs (E)(1) and (3). Prior to the amendment those paragraphs read as follows:

E. (1) On a conviction of a fourth or subsequent offense, notwithstanding any other provision of law to the contrary and regardless of whether the fourth offense occurred before or after an earlier conviction, the offender shall be sentenced to imprisonment at hard labor for not less than ten nor more than thirty years and shall be fined five thousand dollars.
. . . .
(3) (a) At least two years of the sentence shall be imposed without benefit of suspension of sentence, probation, or parole. In the discretion of the court, any additional portion or all of the sentence may be imposed without benefit of suspension of sentence, probation, or parole. If a portion of the sentence is imposed with benefit of suspension of sentence, probation, or parole, the court shall require the offender to participate in a court-approved substance abuse program and a court-approved driver improvement program.
(b) If the offender has previously been required to participate in either or both of such programs pursuant to Subsection D of this Section, at least three years of the sentence shall be imposed without benefit of suspension of sentence, probation, or parole.
(c) If the offender has previously been required to participate in either or both of such programs under Subsection B or C of this Section, but not under Subsection D, at least two years of the sentence shall be imposed without benefit of suspension of sentence, probation, or parole.
(d) If the offender has previously received the benefit of suspension of sentence, probation, or parole as a fourth offender, no part of the sentence may be imposed with benefit of suspension of sentence, probation, or parole, and no portion of the sentence shall be imposed concurrently with the remaining balance of any sentence to be served for a prior conviction for any offense.
[3] The amended statute now reads in pertinent part:

E. (1)(a) [O]n a conviction of a fourth or subsequent offense, notwithstanding any other provision of law to the contrary and regardless of whether the fourth offense occurred before or after an earlier conviction, the offender shall be imprisoned with or without hard labor for not less than ten years nor more than thirty years and shall be fined five thousand dollars. Sixty days of the sentence of imprisonment shall be imposed without benefit of probation, parole, or suspension of sentence. The remainder of the sentence of imprisonment shall be suspended and the offender shall be required to undergo an evaluation to determine the nature and extent of the offender's substance abuse disorder.
(b) The treatment professional performing the evaluation shall recommend appropriate treatment modalities, which shall include substance abuse treatment at an inpatient facility recommended by the Department of Health and Hospitals, office for addictive disorders and approved by the Department of Public Safety and Corrections for a period of not less than four weeks nor more than six weeks.
(c) The offender may be sentenced to additional follow-up substance abuse treatment services to meet the offender's needs if determined to be necessary by the offender's treating physician, for a period not to exceed twelve months. The follow-up treatment shall be provided in a manner to gradually decrease the intensity of treatment services.
(d) Upon successful completion of the inpatient substance abuse treatment required by this Paragraph, the offender shall be sentenced to home incarceration for not less than one nor more than five years in accordance with Paragraph (3) of this Subsection and shall be fined five thousand dollars.
(e) If the offender fails to complete the substance abuse treatment required by the provisions of this Paragraph or violates any condition of home incarceration, he shall be imprisoned for the original term of his suspended sentence with no credit for time served under home incarceration.
. . . .
(3)(a) An offender sentenced to home incarceration shall be supervised and shall be subject to any of the conditions of probation.
(b) The court shall also require the offender to obtain employment and to participate in a court-approved driver improvement program at his expense. The activities of the offender outside of his home shall be limited to traveling to and from work, church services, Alcoholics Anonymous meetings, or a court-approved driver improvement program.
[4] This case involves the application of new law to a person charged but not yet convicted, not to persons whose cases are final or up on direct review. Thus, it does not involve "retroactivity" in the classic sense.
[5] See State v. Thomas, 464 So.2d 470, 472 (La.App. 1 Cir.1985); State v. Lapoint, 93-1141, p. 9 (La.App. 3 Cir. 4/6/94), 635 So.2d 554, 559, vacated on other grounds and remanded, 94-1173 (La.9/23/94), 642 So.2d 1304; State v. Bryan, 535 So.2d 815, 820 (La.App. 2 Cir.1988).