|,AMY, Judge.
The defendant was convicted of driving while intoxicated, fourth offense. The trial court sentenced the defendant in accordance with the sentencing provisions in effect at the time of the commission of the offense. The defendant appeals his sentence. For the following reasons, the defendant’s sentence is vacated and the matter remanded for resentencing.
Factual and Procedural Background
The defendant, Tommy D. Sanders, was observed driving in an erratic manner and stopped by an officer of the DeRidder City Police Department on June 6, 2001. An intoxilizer test was administered, with the defendant registering above the legal limit. The defendant was charged by bill of information with driving while intoxicated, fourth offense, a violation of La.R.S. 14:98 on July 17, 2001. The defendant entered a guilty plea to the offense on January 24, 2002.
On March 11, 2002, the defendant was sentenced to fifteen years at hard labor, eight years of which were suspended. The trial court ordered that three years of the sentence be served without benefit of probation, parole, or suspension of sentence. The sentence was ordered to be served consecutively with any other sentence previously imposed. After release from incarceration, the defendant was ordered to serve five years supervised probation. A fine of three thousand dollars, plus court costs was also imposed. A motion to reconsider the sentence was denied.
The defendant appeals, alleging exces-siveness of the sentence.
Discussion
The defendant argues not only that the individual circumstances of his conviction warrant the imposition of a lesser sentence, but he points out that following the commission of the offense, the legislature amended La.R.S. 14:98 to |¡¿include a lesser minimum sentence of imprisonment. He argues that the new sentencing provisions should have been followed in imposing sentence.[1]
At the time of the June 6, 2001 offense, La.R.S. 14:98(E)[2] required that a convie *532 tion for driving while intoxicated, fourth offense, carried a sentencing exposure of not less than ten years and not more than thirty years at hard labor. At least two | c.of the years were to be served without benefit of probation, parole, or suspension of sentence. In the event that the remainder of the sentence was suspended or served on probation, the offender was required to attend driver improvement and substance-abuse programs. Mr. Sanders was sentenced under these guidelines.
Several months prior to the defendant’s conviction, however, the sentencing provisions applicable to a conviction for driving while intoxicated, fourth offense, were amended by Acts 2001, No. 1163, § 2. La. R.S. 14:98(E) continues to provide a ten to thirty year sentencing range. However, the mandatory term of imprisonment has been reduced to sixty days. The statute now provides that “[t]he remainder of the sentence of imprisonment shall be suspended and the offender shall be required to undergo an evaluation to determine the nature and extent of the offender’s substance abuse disorder.” La.R.S. 14:98(E)(l)(a). This evaluation includes a term of treatment at an inpatient facility. La.R.S. 14:98(E)(l)(b). Following this treatment, a period of home incarceration is required.
Previously, the Louisiana Supreme Court has required that a defendant be sentenced under the law in effect at the time of the commission of the offense. See, e.g., State v. Clark, 391 So.2d 1174 (La.1980). In State v. Mayeux, 01-3195 (La.6/21/02); 820 So.2d 526, however, the supreme court recently found this rule inapplicable insofar as it relates to the amendments to La.R.S. 14:98(E). The court focused upon the particular wording of the amended statute, but also noted that Section G of the newly amended statute provides the following statement of legislative purpose:
The legislature hereby finds and declares that conviction of a third or subsequent DWI offense is presumptive evidence of the existence of a substance abuse disorder in the offender posing a serious threat to the health and safety of the public. Further, the legislature finds that there are successful treatment *533 methods available for treatment of addictive disorders.
14Id. at p. 5; 529, quoting La.R.S. 14:98(G). Commenting on the above statement of legislative intent, the supreme court explained:
Thus, the legislature has clearly stated its intention to embrace treatment measures in preference to incarceration. Applying the more lenient sentencing requirements of the amended statute to someone convicted after the enactment of the legislation, despite the commission of the offense prior to the enactment, would further this legislatively stated purpose. This clearly stated legislative purpose is one which this court cannot ignore.
Id. at p. 5; 529. Finally, the court acknowledged that Section 4 of Act 1163 indicates: “[N]othing contained in this Act shall be construed to limit the authority of the Department of Public Safety and Corrections in recommending those persons incarcerated on or before August 15, 2001 to participate in home incarceration in accordance with Code of Criminal Procedure Article 894.2.” Id. at p. 5; 529-30, quoting Acts 2001, No. 1163, § 4. The court reasoned that, if the opportunity for home incarceration for those convicted was provided, it would be incongruous to fail to extend that opportunity to those charged, but not yet convicted. Id.
Distinguishing the matter before the court from its rulings in which the law in effect at the time of the offense was found controlling, such as Clark, 391 So.2d 1174, the supreme court explained that, in those cases, only the terms of imprisonment were affected by the amended statutes. In Mayeux, 01-3195; 820 So.2d 526, however, the text of the statute was changed and was accompanied by a policy statement from the legislature. Recognizing these factors, the supreme court concluded by stating:
Finally, imposing the harsher penalty in such circumstances would serve no valid penological purpose, particularly in the instant case in which the legislature has made a policy determination that a third or fourth DWI offense is presumptive evidence of the existence of a substance abuse disorder and that successful treatment methods other than imprisonment are available and effective for such disorders.
Drunk drivers have extracted a significant toll on society and on the innocent victims of their misdeeds. However, it is the legislature, | Bnot this court, which establishes the sentencing range. It is the role of the courts to follow the sentencing provisions which were clearly stated by the legislature.
Id. at p. 8; 531. Due to this observation, the supreme court vacated Mr. Mayeux’s sentence and remanded the matter for re-sentencing under the amended statutes.
In the instant matter, the offense occurred prior to August 15, 2001, the effective date of the amended statute. The defendant’s January 2002 conviction, however, followed the enactment of the new sentencing provisions. It is clear from the sentencing transcript, and in fact the sentence itself, that the defendant was sentenced under La.R.S. 14:98(E) as it existed at the time of the offense. As we are required to follow the guidance of the Louisiana Supreme Court, we vacate the defendant’s sentence and remand this matter so that the trial court may impose a sentence in conformity with La.R.S. 14:98(E) as it existed at the time of the conviction.
DECREE
For the foregoing reasons, the sentence of the defendant, Tommy D. Sanders, is *534 vacated. This matter is remanded for re-sentencing in accordance with this opinion.
SENTENCE VACATED. REMANDED WITH INSTRUCTIONS.

. In addition to our consideration of the defendant's arguments presented in brief, we have also reviewed this matter for errors patent on the face of the record as is required by La.Code Crim.P. art. 920.

. At the time of the offense, La.R.S. 14:98 provided, in part, as follows:
E. (1) On a conviction of a fourth or subsequent offense, notwithstanding any other provision of law to the contrary and regardless of whether the fourth offense occurred before or after an earlier conviction, the offender shall be sentenced to imprisonment at hard labor for not less than ten nor more than thirty years, and shall be fined five thousand dollars.
(2)(a) In addition, the court shall order that the vehicle being driven by the offender at the time of the offense be seized and impounded, and be sold at auction in the same manner and under the same conditions as executions of writ of seizure and sale as provided in Book V, Title II, Chapter 4 of the Code of Civil Procedure.
(b) The vehicle shall be exempt from sale if it was stolen, or if the driver of the vehicle at the time of the violation was not the owner and the owner did not know that the driver was operating the vehicle while intoxicated. If this exemption is applicable, the vehicle shall not be released from impoundment until such time as towing and storage fees have been paid.
*532 (c) In addition, the vehicle shall be exempt from sale if all towing and storage fees are paid by a valid lienholder.
(d) The proceeds of the sale shall first be used to pay court costs and towing and storage costs, and the remainder shall be forwarded to the Council on Automobile Insurance Rates and Enforcement for its use in studying other ways to reduce drunk driving and insurance rates.
(3)(a) At least two years of the sentence shall be imposed without benefit of suspension of sentence, probation, or parole. In the discretion of the court, any additional portion or all of the sentence may be imposed without benefit of suspension of sentence, probation, or parole. If a portion of the sentence is imposed without benefit of suspension of sentence, probation, or parole, the court shall require the offender to participate in a court-approved substance abuse program and a court-approved driver improvement program.
(b) If the offender has previously been required to participate in either or both of such programs pursuant to Subsection D of this Section, at least three years of the sentence shall be imposed without benefit of suspension of sentence, probation, or parole.
(c) If the offender has previously been required to participate in either or both of such programs under Subsection B or C of this Section, but not under Subsection D, at least two years of the sentence shall be imposed without benefit of suspension of sentence, probation, or parole.
(d) If the offender has previously received the benefit of suspension of sentence, probation, or parole as a fourth offender, no part of the sentence may be imposed with benefit of suspension of sentence, probation, or parole, and no portion of the sentence shall be imposed concurrently with the remaining balance of any sentence to be served for a prior conviction for any offense.