I,STEWART, J.
Donald Griffin pled guilty as charged to one count of DWI (fourth offense), a violation of La. R.S. 14:98 which, at the time of the commission of the offense, was punishable by imprisonment at hard labor for not less than ten years nor more than thirty years, at least two years of which must be served without benefits, plus a fine of $5,000 and forfeiture of the vehicle involved. Griffin pled guilty as charged, apparently after reaching a plea agreement as to the sentence to be imposed but which also reserved his right to appeal the question presented of whether the sentencing law in effect at the time of the commission of the offense or the law in effect at the time of the imposition of sentence should be applied by the district court. The district court imposed a sentence of ten years at hard labor, and suspended execution of five of those years. Following the denial of his timely motion for reconsideration of sentence, the defendant appeals contending that the court erred by failing to impose sentence under the provisions of La. R.S. 14:98 as amended by the Legislature after the commission of the instant offense and prior to defendant’s guilty plea. We affirm the conviction; however, we vacate the sentence and remand for resentencing.
FACTS
On March 18, 2001, Griffin was stopped while operating a motor vehicle. He registered a result of .203 on the Intox-ilyzer test. He had three prior convictions for DWI which had been entered on November 12, 1998, September 29, 1999, and on March 22, 2000. Our review of the record, coupled with defendant’s guilty plea, supports the DWI conviction.
I ^DISCUSSION
Griffin argues that the sentencing court should have imposed a penalty within the reduced range provided for by the Legislature via a statutory amendment to the statute of conviction which was enacted after he committed the offense to which he pled guilty. We agree.
*379 In accordance with the ruling of the Supreme Court of Louisiana in State v. Mayeux, 01-3195 (La.6/21/02), 820 So.2d 526, we vacate the sentence imposed and remand for resentencing. Although Griffin committed the instant offense prior to the enactment of 2001 La. Acts 1163, the act became effective on August 15, 2001, prior to his conviction and imposition of sentence. In Mayeux, the supreme court found that based on the language used in the new statute La. R.S. 14:98, the legislature had determined to give some sort of quasi retroactive relief to those who had been caught driving while intoxicated. Thus, under Mayeux, the amended sentencing provisions are to be applied in this case.
CONCLUSION
The conviction is affirmed. The sentence is vacated and the matter is remanded for further proceedings in accord with State v. Mayeux, supra.
CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED.