JjDREW, J.
We grant the defense motion for expedited hearing on the instant appeal under the authority of Rule 2-11.3, URCA.
The state charged, and defendant Byrd pled guilty to, one count of DWI fourth offense, a violation of La. R.S. 14:98 punishable by imprisonment at hard labor for 10 to 30 years, plus a mandatory fine of $5,000, with a legislatively imposed requirement that 60 days of the sentence of imprisonment are to be served without benefits. The frightening reality is that the remainder of this sentence of imprisonment must be suspended, by legislative mandate, and the offender is to undergo substance abuse treatment as per State v. *1129 Mayeux, 01-3195 (La.6/21/02), 820 So.2d 526.
The trial court sentenced defendant to serve 20 years at hard labor and imposed the mandatory fíne. Following the denial of his timely motion for reconsideration, defendant argues the sentence is excessive. We affirm the conviction; however, we must, with much trepidation, vacate the sentence on this defendant’s ninth conviction, and remand for resentencing.
The matters of record show that defendant was arrested on August 31, 2002 for DWI when he nearly collided with a police vehicle as he exited the driveway of a Bossier City lounge. The officer activated the police car’s emergency equipment but the driver did not stop until several blocks later. During that period he drove his vehicle at 25 miles per hour below the posted speed limit and crossed the white centerline several times. When contacted, he exhibited a strong alcoholic odor and had blood shot eyes, slurred speech and an unsteady gait. He was charged with DWI fourth | offense[1] based on prior convictions entered in November 1993, June 1996, May 1997, and February 1999. Two facts are crystal clear: (1) Our highways are unsafe with Mr. Byrd out of jail; because (2) Mr. Byrd is obviously a very dangerous man.
Byrd argues that the sentencing court had no choice but to impose a penalty within the reduced range provided for by the Legislature via an amendment to the statute of conviction which became effective on August 15, 2001. We are constrained to agree by mandate of the Louisiana Legislature and rulings of the Louisiana Supreme Court, State v. Mayeux, supra.
The defendant committed the instant offense after the effective date of the statutory amendment. Yet he gets a break and will be sentenced as per the kinder and gentler provisions of today. We further note that the trial court apparently reasonably believed it was sentencing defendant under La. R.S. 14:98 E(4)(b) which provides that if the offender has previously received the benefit of suspension of sentence or probation as a fourth offender, no part of the sentence may be imposed with benefits. This error may have occurred because the presentence investigation report did indeed reflect that defendant’s September 1999 guilty plea was to DWI fourth offense. However, the actual record of that guilty plea clearly demonstrates the offense of conviction in that instance was reduced to DWI third offense. Thus, the provisions of La. R.S. 14:98 E(4)(b) do not apply.
|3We suggest to the trial court that possibly C. Cr. P. art. 894.2 and art. 895 B. be considered at resentencing.
The conviction is affirmed. The sentence is vacated and the matter is remanded for further proceedings in accord with the statute of conviction as amended.
CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED.

. He has been arrested for DWI twice that many times.