PAINTER, Judge,
Dissenting in Part.
|TI agree with the majority’s decision to affirm the Defendants’ conviction. However, I respectfully dissent from the opinion of the majority insofar as it affirms the Defendant’s sentencing on the charge of fourth-offense DWI under the penalty provisions in effect at the time of his conviction.
The offense at issue was committed on November 22, 2003. The Defendant was convicted on May 15, 2006, and sentenced on December 14, 2006. At the time of the commission of the offense, La.R.S. 14:98 provided, in pertinent part, as follows:
E. (l)(a) Except as otherwise provided in Subparagraph (4)(b) of this Subsection, on a conviction of a fourth or subsequent offense, notwithstanding any other provision of law to the contrary and regardless of whether the fourth offense occurred before or after an earlier conviction, the offender shall be imprisoned with or without hard labor for not less than ten years nor more than thirty years and shall be fined five thousand dollars. Sixty-days of the sentence of imprisonment shall be imposed without benefit of probation, parole, or suspension of sentence. The remainder of the sentence of imprisonment shall be suspended and the offender shall be required to undergo an evaluation to determine the nature and extent of the offender’s substance abuse disorder.
(Emphasis added).
| ¡.On the date of conviction, the penalty provision read as follows:
E. (1)(a) Except as otherwise provided in Subparagraph (4)(b) of this Subsection, on a conviction of a fourth or subsequent offense, notwithstanding any other provision of law to the contrary and regardless of whether the fourth offense occurred before or after an earlier conviction, the offender shall be imprisoned with or without hard labor for not less than ten years nor more than thirty years and shall be fined five thousand dollars. Sixty days of the sentence of imprisonment shall be imposed without benefit of probation, parole, or suspension of sentence. The court, in its discretion, may suspend all or any part of the remainder of the sentence of imprisonment. If any portion of the sentence is suspended, the offender shall be placed on supervised probation with the Department of Public Safety and Corrections, division of probation and parole, for a period of time not to exceed five years, which probation shall commence on the day after the offender’s release from custody.
(Emphasis added).
The penalty provision in effect in May 2006 differs from that in effect in November 2003 in that, in 2003, the trial court was required to suspend the period of incarceration imposed after the first sixty days. In 2006, the trial court was given the discretion to suspend the remainder of the sentence.
This court addressed a similar issue in State v. Pulliam, 05-534 (La.App. 3 Cir. *1265 12/30/05), 920 So.2d 900, writ denied, 06-667 (La.10/6/06), 938 So.2d 65. The defendant in Pulliam committed a DWI offense on May 3, 2003, and pled guilty on February 3, 2005. In an error patent discussion, this court was called on to determine whether the defendant should be sentenced under the penalty provision in effect at the time of the commission of the offense or at the time he pled guilty. This court addressed the supreme court’s decision in State v. Mayeux, 01-3195 (La.6/21/02), 820 So.2d 526, and the 2004 amendments to La.R.S. 14:98 as follows:
In State v. Mayeux, 01-3195 (La.6/21/02), 820 So.2d 526, the supreme court addressed whether the 2001 amendment to La.R.S. 14:98 should be applied to defendants who committed DWIs prior to the effective date of the 2001 amendment. The supreme court 13acknowledged that the prevailing jurisprudence adhered to the rule that the appropriate penalty provision is the penalty provision in effect at the time an offense is committed. The supreme court found, however, that the 2001 amendment to La.R.S. 14:98 should not adhere to the prevailing jurisprudence. Rather, the supreme court found that the 2001 amendment should apply to any defendant convicted after the amendment’s effective date. The court reasoned as follows:
As an initial matter, statutory interpretation begins, “as [it] must, with the language of the statute.” Bailey v. United States, 516 U.S. 137, 144, 116 S.Ct. 501, 506, 133 L.Ed.2d 472 (1995). While the amended version of the statute does not specifically mention the “retroactivity” of the new provisions, the statute contains three provisions which suggest that the amended version should apply in the instant case.
First, the statute plainly states that “upon conviction,” and not “upon committing the offense,” the defendant shall be sentenced to a specific term. Thus, the specific language in LSA-R.S. 14:98 provides the time at which the penalty provisions are applicable.
Second, as previously noted, the amended version of the statute contains a specific statement of legislative purpose, as follows:
The legislature hereby finds and declares that conviction of a third or subsequent DWI offense is presumptive evidence of the existence of a substance abuse disorder in the offender posing a serious threat to the health and safety of the public. Further the legislature finds that there are successful treatment methods available for treatment of addictive disorders.
LRS-R.S. 14:98(G). Thus, the legislature has clearly stated its intention to embrace treatment measures in preference to incarceration. Applying the more lenient sentencing requirements of the amended statute to someone convicted after the enactment of the legislation, despite the commission of the offense prior to the enactment, would further this legislatively stated purpose. This clearly stated legislative purpose is one which this court cannot ignore.
Finally, language in the amending legislation grants potential relief to those already convicted by providing that |4“[n]othing contained in this Act shall be construed to limit the authority of the Department of Public Safety and Corrections in recommending those persons incarcerated on or before August 15, 2001, to participate in home incarceration in accordance with Code of Criminal Procedure Article *1266 894.2.” 2001 La. Acts No. 1163, § 4. It would be incongruous to extend the opportunity for home incarceration, and treatment, to those already convicted but to withhold that opportunity from those who were charged but not convicted prior to August 15, 2001, the effective date of the amendments.
Thus, three specific provisions within the new legislation point to an interpretation consistent with applying the new provisions to a defendant who was not convicted of a fourth DWI charge until after the effective date of the statute: 1) the words “upon conviction”; 2) the legislative purpose of favoring treatment over incarceration; and 3) allowing home incarceration for those previously convicted.
We acknowledge Louisiana’s prior case law on the subject has adhered to the rule that “the law in effect at the time of the commission of the offense is determinative of the penalty which the convicted accused must suffer.” State v. Wright, 384 So.2d 399, 401 (La.1980); see also, State v. Clark, 391 So.2d 1174 (La.1980); accord, State v. Paciera, 290 So.2d 681 (La.1974) (Imposition of a sentence under a statute in effect at the time an offense was committed rather than lesser sentence provided for by an amended statute which was enacted after commission of the charged offense and prior to conviction did not deny defendant due process or equal protection when the amendatory statute provided that it was not to apply to crimes committed prior to the effective date of the amendment.). Although this rule of law has been consistently applied in the courts of this state, the rule requiring the penalty provision in effect at the time of the offense be the governing provision where an ameliorative change in the law has occurred is not followed in all jurisdictions. See Clark, 391 So.2d at 1176 n. 1; see also, State v. Morris, 131 Idaho 263, 954 P.2d 681 (1998) (Defendant convicted of first degree burglary was subject to maximum ten-year sentence under amended burglary statute enacted after he committed offense but before he was sentenced, rather than to maximum 15 year sentence under statute in effect when he committed offense, where amended statute did not include savings clause and did not | ¡^indicate which maximum sentence should apply.). Today, this rule is followed by a majority of the states that have dealt with the issue. See State v. Von Geldern, 64 Haw. 210, 638 P.2d 319 (1981); Elkins v. State, 659 N.E.2d 563 (Ind.App.1995); People v. Schultz, 435 Mich. 517, 460 N.W.2d 505 (1990); State v. Coolidge, 282 N.W.2d 511 (Minn.1979); State v. Pardon, 272 N.C. 72, 157 S.E.2d 698 (1967); State v. Cummings, 386 N.W.2d 468 (N.D.1986); State v. Macarelli, 118 R.I. 693, 375 A.2d 944 (1977).
Thus, while current Louisiana appellate court jurisprudence holds that the law in effect at the time of the offense should control the sentencing of the instant defendant, this court has not concluded definitely that, in a case such as the one before it here concerning the specific statutory provisions of the amended LRS-R.S. 14:98, the date of the offense and not the date of the conviction controls. Specifically, this case differs from both Wright, 384 So.2d 399, and Clark, 391 So.2d 1174, in that those cases dealt only with changes in the term of imprisonment. In both of those cases, the earlier statute, LRS-R.S. 14:67.1, had provided for a penal *1267 ty of imprisonment at hard labor of “not less than one nor more than ten years,” for the crime of theft of livestock. As amended, the penalty provided for imprisonment for “not more than one year.” Nothing in the language of the statute changed except the term of imprisonment.
Conversely, here, as discussed at length above, the legislature made substantial changes to the penalty provisions of the statute as well as adding a “policy” statement to the statute. See LRS-R.S.14:98(G). While the amended version of the statute does not specifically address the “retroactivity” of the new provisions, the statute does state that “upon conviction” and not “upon committing the offense” the defendant shall be punished to a specific term. Finally, imposing the harsher penalty in such circumstances would serve no valid penological purpose, particularly in the instant case in which the legislature has made a policy determination that a third or fourth DWI offense is presumptive evidence of the existence of a substance abuse disorder and that successful treatment methods other than imprisonment are available and effective for such disorders.
Drunk drivers have extracted a significant toll on society and on the innocent victims of their misdeeds. However, it is the legislature, not this court, which | (¡establishes the sentencing range. It is the role of the courts to follow the sentencing provisions which were clearly stated by the legislature.
State v. Mayeux, 01-3195, pp. 4-8 (La.6/21/02), 820 So.2d 526, 529-31 (footnotes omitted)(alterations and emphasis in original).
In examining whether Mayeux’s holding should apply in the present case, we note that the 2004 amendment also contains the “upon conviction” language emphasized by the supreme court in May-eux. It also appears from the 2004 amendment that the legislature was attempting to “fine tune” the treatment plans for DWI offenders as well as clearly state that a defendant is under supervised probation while subject to home incarceration. Although the pre-2004 law stated that an offender sentenced to home incarceration was subject to any conditions of probation, the law did not clearly state that an offender was placed on supervised probation immediately upon his release from serving the mandatory thirty days imprisonment. The 2004 amendment makes this clear. The 2004 amendment also allows the trial court more discretion as to the length of home incarceration. Thus, it appears that the 2004 amendment was simply a continuation of the efforts begun by the legislature in 2001.
The court finds the same considerations applicable in Mayeux are not applicable to the present case. While the 2001 amendment discussed in Mayeux produced drastic changes to the DWI sentencing scheme, the 2004 amendment merely “fine tuned” those provisions. Both the 2001 amendment and the 2004 amendment favor treatment plans over imprisonment. Thus, one major concern of the court in Mayeux, (i.e.), failing to adhere to the legislature’s obvious preference of treatment over imprisonment (-) is arguably not present in the instant case. Under either sentencing provision, the Defendant receives the benefit of the legislature’s intent to improve treatment over imprisonment. For this reason, the court finds that an exception to the prevailing jurisprudential rule is not warranted in the present case, and *1268 the penalty provision in effect at the time of the offense is the applicable sentencing provision. See State v. Parker, 03-924 (La.4/14/04), 871 So.2d 317.
Id. at 902-05.
The 2005 amendments to La.R.S. 14:98 gave the trial court the discretion to suspend all or part of a defendant’s sentence, beyond thirty days for a third offender and beyond sixty days for a fourth offender, for a conviction of DWI. Additionally, the amendments provided that, if an offender was unable to pay the costs incurred for ^^participating in a substance abuse treatment program, driver improvement program, or home incarceration, the trial court could require the offender to reimburse the State pursuant to a payment schedule determined by that court.
The 2005 amendments appear to give the trial court more discretion regarding sentencing for third and fourth offenders. I do not agree with the majority that this change is an ameliorative change in La. R.S. 14:98; thus, the amendment at issue differs from the 2001 amendments discussed in Mayeux. Accordingly, in my view, the jurisprudential exception set out in Mayeux is not warranted in the case sub judice. Instead, we would do well to follow our decision in Pulliam and find that the Defendant should have been sentenced pursuant to the penalty provisions in effect at the time of the commission of the offense. As the Defendant was sentenced in accordance with the penalty provisions in effect at the time of his conviction, I would vacate the Defendant’s sentence and remanded the matter for re-sentencing.