JOHNSON, C.J.,
dissents and assigns reasons.
hi respectfully dissent, finding the court of appeal correctly quashed the bill of information.
Defendant was arrested on June 25, 2015, for allegedly possessing a mere 1.5 grams of synthetic marijuana. Defendant was charged with possession of marijuana — third offense under prior law, La. R.S. 40:966(E)(3). On June 29, 2015, only four days after the alleged offense, Act 295, containing legislative amendments to parts of the Uniform Controlled Dangerous Substances Law, became effective. These changes, among other things, dramatically reduced penalties for marijuana possession, Defendant should be sentenced under the amended law.
I find the reasoning applied by this court in State v. Mayeux, 01-3195 (La. 6/21/02), 820 So.2d 526, is equally applicable in this case. In Mayeux, defendant was arrested and charged with a violation of La. R.S. 14:98(E), DWI fourth offense. Subsequent to defendant’s arrest, the legislature passed Act 1163, which amended the statute’s sentencing provisions, radically changing the way in which the offender serves the sentence imposed by the court. This court held that the trial court erred in sentencing the defendant under the penalty provisions of La. R.S. 14:98(G) as it existed at the time of the defendant’s DWI offense, rather than at the |atime of his conviction. In so doing, this court reasoned that although Louisiana courts have generally held that the law in effect at the date of the offense should control, the statutory language and legislative purpose behind the statutory amendment of La. R.S.14:98(G) dictated that the amendment be applied to those defendants having committed an offense prior to the effective date of the amendment. This court explained “the statute plainly states that ‘upon conviction,’ and not ‘upon committing the offense,’ the defendant shall be sentenced to a specific term. Thus, the specific language in LSA-R.S. 14:98 provides the time at which the penalty provisions are applicable.” 820 So.2d at 529. Additionally, this court recognized the amendment was passed “in an effort to address the societal costs of drunken driving and a high per capita prison population.” Id. at 527.
Similarly, the language in the amendment to La. R.S. 40:966 provides that the penalty provisions shall apply “on conviction.” Further, in my view, the changes in Act 295 represent a significant shift in policy relative to marijuana possession in this state and demonstrates that the legislature has chosen to impose more lenient sentencing provisions. Thus, the result in *708 Mayeux is warranted here. “It would be illogical to conclude that the legislature intended that drunk drivers convicted under La. R.S. 14:98(G) must be sentenced under the post-amendment provisions, even though the underlying offense occurs prior to the amendment, based on the stated legislative purpose, but conclude that the legislature did not intend the same result for those offenders found guilty of minor drug offenses.” See State v. Sugasti, 01-3407 (La. 6/21/02), 820 So.2d 518, 522 (J, dissenting). A defendant in possession of an inconsequential amount of marijuana clearly intended for recreational use undoubtedly poses a far less risk to society than a repeat DWI offender. Further, subjecting this defendant to a lengthy term of imprisonment provides little societal value and only serves to further burden our financially strapped state and its tax payers.
| .^Considering rapidly changing social mores and increasing legalization of recreational and medical use of marijuana, this defendant is entitled to the ameliorative effects of the reduced sentencing provisions contained in Act 295. Thus, I would deny the state’s writ application.