STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2019 KA 0231

STATE OF LOUISIANA

VERSUS

CASEY LYNN LANE

Judgment Rendered:  SEP 2 7 2019

* * * * * *

Appealed from the
Twenty-Second Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
Docket Number 583831-1
Honorable August J. Hand, Judge Presiding

* * * * * *

Warren L. Montgomery
District Attorney
Matthew Caplan
Assistant District Attorney
Covington, Louisiana

Counsel for Appellee
State of Louisiana

Cynthia Meyer
New Orleans, Louisiana

Counsel for Defendant/Appellant
Casey Lynn Lane

* * * * * *

BEFORE: WHIPPLE, C.J., GUIDRY, AND CRAIN, JJ.

Crain, J. concurs.

**GUIDRY, J.**

The defendant, Casey Lynn Lane, was charged by bill of information with two counts of possession of heroin, violations of La. R.S. 40:966(C). The defendant initially pled not guilty to the charged offenses, but subsequently withdrew her not guilty pleas and pled guilty to both charges at a Boykin hearing. See Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The defendant entered Crosby pleas, reserving her right to challenge the proper sentencing provision under which she should be sentenced. See State v. Crosby, 338 So. 2d 584 (La. 1976). For each count, the defendant was sentenced to ten years imprisonment at hard labor. The sentences were ordered to run concurrently. The defendant filed a motion to reconsider sentence. Following a hearing on the matter, the trial court denied the motion. The defendant now appeals, designating one assignment of error. We affirm the convictions, vacate the sentences, and remand for resentencing.

## FACTS

Because the defendant pled guilty, the facts were not developed at a trial. At the Boykin hearing, the prosecutor offered a stipulation of the factual basis for the guilty pleas. The bill of information charged the defendant with two counts of possession of heroin, once on November 22, 2016 and once on April 7, 2017.

## ASSIGNMENT OF ERROR

In her sole assignment of error, the defendant argues the trial court erred in sentencing her under the incorrect version of the statute for possession of heroin. Specifically, the defendant contends she should have been sentenced under the ameliorative sentencing provisions of the 2017 amendments to La. R.S. 40:966.

This assignment of error has merit because the defendant's sentences are illegally excessive. For each of the two convictions for possession of heroin, the trial court sentenced the defendant to ten years imprisonment at hard labor, with

2

the sentences to run concurrently. At the time the defendant committed each of the offenses (November 22, 2016 and April 7, 2017), La. R.S. 40:966 provided in pertinent part:

> **C. Possession.** It is unlawful for any person knowingly or intentionally to possess a controlled dangerous substance classified in Schedule I . . . . Any person who violates this Subsection with respect to:
>
> (1) A substance classified in Schedule I which is a narcotic drug (all substances in Schedule I preceded by an asterisk), shall be imprisoned at hard labor for not less than four years nor more than ten years and may, in addition, be required to pay a fine of not more than five thousand dollars.

Under 2017 La. Acts No. 281, § 2, which became effective on August 1, 2017, the provision for the possession of heroin (or fentanyl) was amended to the following:

> **C. Possession.** It is unlawful for any person knowingly or intentionally to possess a controlled dangerous substance classified in Schedule I . . . . Any person *who violates* this Subsection with respect to:
>
> (1) Except as otherwise provided in Paragraphs (2), (3), and (4) of this Subsection, a substance classified in Schedule I for an amount of:
>
>    *     *     *     *     *
>
> (4) A substance classified in Schedule I that is the narcotic drug heroin or a mixture or substance containing a detectable amount of heroin or of its analogues, or fentanyl or a mixture or substance containing a detectable amount of fentanyl or its analogues, *upon conviction* for an amount:
>
> (a) An aggregate weight of less than two grams, shall be sentenced to a term of imprisonment, with or without hard labor, for not less than two years nor more than four years.[1] (Italics added.)

See La. R.S. 40:966(C)(4)(a).

The "who violates" language of Subsection C is modified by the language immediately following it: "Except as otherwise provided in Paragraphs (2), (3), and (4) of this Subsection." Paragraph (C)(4), not found in the pre-amendment

---

[1] The bill of information does not indicate the amount of heroin the defendant possessed. At the motion to reconsider sentence hearing, however, both the trial court and the defendant indicated the amount was less than two grams. Further, the crime lab report reveals that heroin was found in three syringes "suspected to contain residue." In a footnote in its brief, the State concedes the defendant possessed less than two grams of heroin.

3

statute, contains the "upon conviction" language.

At the hearing on the motion to reconsider sentence, the defendant appeared in proper person. In determining that the applicable law was the law in effect at the time the defendant committed the offenses, the trial court found in pertinent part:

> And the verbiage in this particular section indicates a person who violates, which means an old law would still be applicable. The one case that has been handed down by the First Circuit had verbiage to the effect in the statute upon conviction. So that meant that at the time of conviction when you applied that sentencing. And that issue I think may still be subject to review by the Supreme Court.
> \* \* \* \* \*
> The language in the possession of heroin statute does not say upon conviction. It says "any person who violates." So that language would mean that the sentencing provisions at the time of the commission of the offense would apply which current, at the time of your arrest, that statute was the sentencing of 4 to 10 years for possession of heroin.

The case to which the trial court appears to have been referring was State v. Harrison, 17-1566 (La. App. 1st Cir. 5/1/18), 2018 WL 2041414 (unpublished), writ denied, 18-1110 (La. 3/6/19), 266 So. 3d 896. In that case, this court determined that the amended, ameliorative version of La. R.S. 14:95.1, which contained the language "Whoever is found guilty" applied to the defendant, even though the defendant had violated La. R.S. 14:95.1 prior to its amendment. In particular, this court found that the general rule against retroactive application unless expressly stated, see La. R.S. 1:2,[2] had been overcome by the specific language of La. R.S. 14:95.1(B), and that such language dictated that a defendant "found guilty" would be subject to the amended sentence range. This court further noted that the words "found guilty" are the same as "upon conviction," as interpreted by the supreme court. See State v. Holloway, 15-1233 (La. 10/19/16), 217 So. 3d 343; State v. Mayeux, 01-3195 (La. 6/21/02), 820 So. 2d 526. The supreme court, this court stated, had found such wording material and, unless

---

[2] La. R.S. 1:2 provides that "No Section of the Revised Statutes is retroactive unless it is expressly so stated."

4

violative of the *ex post facto* prohibition, should be applied as written; accordingly, this court found in Harrison that there was no *ex post facto* violation because the amended sentence was ameliorative and did not increase the burden on the defendant. Harrison, 2018 WL 2041414, at *3-4; see Holloway, 15-1233 at pp. 7-8, 217 So. 3d at 348.

The State notes in brief the general rule that the law in effect at the time of the commission of the offense is determinative of the penalty which the convicted accused must suffer. See State v. Sugasti, 01-3407, p. 4 (La. 6/21/02), 820 So. 2d 518, 520. The Mayeux Court, which carved out an exception to this general rule, found that the sentencing provisions of La. R.S. 14:98 applied retroactively. The State points out that in Mayeux, the Court found that the specific language of "upon conviction" suggested retroactive application. See Mayeux, 01-3195 at pp. 5-7, 820 So. 2d at 529-30. According to the State, unlike Harrison and Mayeux, the statute violated by the defendant in the instant matter contained no language comparable to "found guilty" or "upon conviction" that would allow the general rule against retroactivity to be overcome.

The State's claim is inaccurate. As noted above, the amended version of La. R.S. 40:966(C)(4)(a) contains the words "upon conviction." The defendant herein was convicted and sentenced on November 8, 2017, which was after the amended provision became effective (August 1, 2017). Just as in Harrison, there is no *ex post facto* violation herein because the amended provision is ameliorative and does not increase the burden on the defendant.

Accordingly, we find that the trial court in the instant matter erred in failing to sentence the defendant under the amended version of La. R.S. 40:966(C), which provides that "upon conviction," the defendant shall be sentenced to a term of imprisonment, with or without hard labor, for not less than two years nor more than four years. See La. R.S. 40:966(C)(4)(a); see also State v. Johnson, 18-1274, p. 1

5

(La. App. 1st Cir. 12/3/18), 2018 WL 6309095, at *1 (unpublished writ action).

For the reasons set forth, we affirm the convictions, vacate the two ten-year sentences at hard labor, and remand to the trial court for resentencing under the amended provision of La. R.S. 40:966(C)(4)(a).

**CONVICTIONS AFFIRMED; SENTENCES VACATED; REMANDED FOR RESENTENCING.**